THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
PATRICK SCHAEFER, Defendant-Appellant.

Second District   No. 83—0888

Opinion filed June 5, 1985.

G. Joseph Weller, Nicholas J. Kritikos, Josette Skelnik, and Kyle Wesendorf, all of State Appellate Defender's Office, of Elgin, for appellant.

Robert Morrow, State's Attorney, of Geneva (Phyllis J. Perko, of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE STROUSE delivered the opinion of the court:

The defendant, Patrick Schaefer, was convicted in a bench trial of the offenses of (1) the unlawful possession with the intent to deliver more than 500 grams of a substance containing cannabis (Ill. Rev.

Stat. 1983, ch. 56½, par. 705(e)), (2) the unlawful possession with the intent to deliver more than 10 grams but not more than 30 grams of a substance containing cocaine (Ill. Rev. Stat. 1983, ch. 56½, par. 1401(b)(2)), and (3) the unlawful use of weapons (Ill. Rev. Stat. 1983, ch. 38, par. 24—1(a)(7)). Subsequently, the court below sentenced the defendant to three 36-month terms of probation to be served concurrently, with the conditions that he serve the first four months of his probation in the Kane County jail, that he enroll in a drug and alcohol rehabilitation program, and that he pay a $500 fine and assessed court costs.

The defendant raises two assignments of error in this court: (1) that the affidavit in support of the search warrant for the defendant's residence was insufficient to establish probable cause, and (2) that the State failed to prove him guilty beyond a reasonable doubt of the offense of possession with the intent to deliver more than 10 but not more than 30 grams of a substance containing cocaine.

Prior to trial the defendant filed a motion to suppress certain evidence that was seized pursuant to the execution of a search warrant. The gravamen of the motion was that the warrant was insufficient on its face to establish the requisite degree of probable cause for issuance of the warrant.

The warrant was issued on January 28, 1983, and authorized a search of the residence located at 470 Center Street in Elgin. It was predicated upon a complaint for search warrant that sought seizure of controlled substances. The affidavit in support of the complaint states:

"I ROBERT M. EMERICK HAVE BEEN A CARPENTERS-VILLE POLICE OFFICER FOR APPROX. 14 YEARS, AND A DETECTIVE SINCE 1972. IN THE COURSE OF MY CAREER AS A PROFESSIONAL POLICE OFFICER, I HAVE HAD OCCASSIONS [SIC] AT NUMEROUS TIMES TO INVESTIGATE NARCOTIC ACTIVITIES AND DEAL WITH INFORMANTS IN REFERENECE [SIC] TO NARCOTIC POSSESSION AND SALES. I HAVE PERSONALLY KNOWN THE INFORMANT, JOHN DOE, WHO HAS SUPPLIED THIS INFORMATION SINCE APPROX. 1969. ON THREE PRIOR OCCASSIONS [SIC] THAT INFORMANT, JOHN DOE, HAS GIVEN ME INFORMATION THAT RESULTED IN ARRESTS AND CONVICTIONS. AT APPROX. 2 PM THIS DATE, JOHN DOE THE INFORMANT ADVISED MYSELF AND AGENT ROBERT MC HUGH OF THE FEDERAL DRUG ENFORCEMENT AGENCY THAT THE RESIDENCE FOR WHICH THIS WARRANT IS ISSUED CONTAINS A

WHITE POWDER AND ALLEDGED [*SIC*] CONTROLLED SUBSTANCES. THE INFORMANT JOHN DOE FURTHER STATED HE OBSERVED THESE ITEMS IN THE MORNING HOURS OF THIS DATE AT THIS RESIDENCE, AND JOHN DOE FURTHER STATES THAT BASED ON HIS EXPIERIENCE [*SIC*] WITH NARCOTICS AND SIMILAR SUBSTANCES, THESE SUBSTANCES WERE CONTROLLED SUBSTANCES."

The warrant was executed that same day and the evidence seized forms the basis of the present charges.

At the hearing on the motion to suppress, Officer Emerick testified he told Judge Mahoney, the judge who issued the search warrant, that he had used the informant for the past 12 or 13 years. The informant told Judge Mahoney he knew what cocaine and marijuana looked like, that there was some of it in plastic bags at defendant's residence, and that there was a lot of paraphernalia there. After the hearing, the defendant's motion to suppress was denied and the cause proceeded to trial.

■ The defendant argues on review that the statements in Officer Emerick's affidavit, as to whether a crime was committed and whether the informant was a reliable person, are conclusional. In particular, he maintains that the affidavit does not contain any information regarding the nature of the convictions for which the informant previously was responsible and that the affidavit fails to allege the particular properties or packaging that led the informant to conclude that the substances he observed on the premises in question were narcotics or illegal drugs. He also asserts that neither the informant's reliability nor the reliability of his information was corroborated by an independent investigation on the part of the police.

It is settled law in this State that to establish probable cause for the issuance of a search warrant, the affidavit or complaint must supply the judicial officer with information sufficient to cause a reasonable person to believe that a crime had been committed and that evidence of the crime was in the place to be searched. (*People v. Bauer* (1981), 102 Ill. App. 3d 31, 37; *People v. Dowd* (1981), 101 Ill. App. 3d 830, 846.) Probable cause to sustain the issuance of a search warrant cannot be made out "by affidavits which are purely [conclusional], stating only the affiant's or an informer's belief that probable cause exists without detailing any of the 'underlying circumstances' upon which that belief is based." *United States v. Ventresca* (1965), 380 U.S. 102, 108-09, 13 L. Ed. 2d 684, 689, 85 S. Ct. 741, 746; accord, *People v. Tate* (1970), 44 Ill. 2d 432, 434.

In a motion to suppress evidence that the defendant alleges was seized illegally, the accused has the burden of establishing that the search and seizure were unlawful. (*People v. Hoskins* (1984), 101 Ill. 2d 209, 212, *cert. denied* (1984), 469 U.S. 840, 83 L. Ed. 2d 81, 105 S. Ct. 142; Ill. Rev. Stat. 1983, ch. 38, par. 114—12(b).) The trial court's determination concerning a motion to suppress evidence will be sustained unless it is found to be clearly erroneous. *People v. Tisler* (1984), 103 Ill. 2d 226, 248; *People v. Hoskins* (1984), 101 Ill. 2d 209, 212; *People v. Moraca* (1984), 124 Ill. App. 3d 561, 564.

Moreover, as the United States Supreme Court recently pointed out, " '[a] grudging or negative attitude by reviewing courts toward warrants,' [citation], is inconsistent both with the desire to encourage use of the warrant process by police officers and with the recognition that once a warrant has been obtained, intrusion upon interests protected by the Fourth Amendment is less severe than otherwise may be the case. [Citation.] A deferential standard of review is appropriate to further the Fourth Amendment's strong preference for searches conducted pursuant to a warrant." *Massachusetts v. Upton* (1984), 466 U.S. 727, 733, 80 L. Ed. 2d 721, 727, 104 S. Ct. 2085, 2088.

The determination whether a complaint or affidavit sufficiently states probable cause for the issuance of a search warrant is governed by the fourth-amendment analysis the United States Supreme Court recently articulated in *Illinois v. Gates* (1983), 462 U.S. 213, 76 L. Ed. 2d 527, 103 S. Ct. 2317, which this court must apply retroactively (*People v. Tisler* (1984), 103 Ill. 2d 226, 246-48; *People v. Seats* (1984), 121 Ill. App. 3d 637, 639-41, *cert. denied* (1984), 469 U.S. 917, 83 L. Ed. 2d 230, 105 S. Ct. 294). Under *Gates*, the trial court is required to examine the affidavit and employ a "totality of the circumstances" analysis to determine whether "there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Illinois v. Gates* (1983), 462 U.S. 213, 238, 76 L. Ed. 2d 527, 548, 103 S. Ct. 2317, 2332; accord, *People v. Tisler* (1984), 103 Ill. 2d 226, 237-38; *People v. Exline* (1983), 98 Ill. 2d 150, 155; *People v. Seats* (1984), 121 Ill. App. 3d 637, 641.

In adopting the totality-of-the-circumstances standard, the United States Supreme Court abandoned its former two-pronged test, explicated in *Aguilar v. Texas* (1964), 378 U.S. 108, 12 L. Ed. 2d 723, 84 S. Ct. 1509, and *Spinelli v. United States* (1969), 393 U.S. 410, 21 L. Ed. 2d 637, 89 S. Ct. 584, which involved both an assessment of the informant's reliability or veracity and an evaluation of the informant's basis of knowledge. *Illinois v. Gates* (1983), 462 U.S. 213, 228-29, 230-31 n.6, 238-39, 76 L. Ed. 2d 527, 542, 543 n.6, 548, 103 S. Ct.

2317, 2326, 2328 n.6, 2332; *People v. Tisler* (1984), 103 Ill. 2d 226, 239-40.

The defendant argues that, although the affidavit mentioned that the informant had given the affiant information on three prior occasions that resulted in arrests and convictions, it failed to indicate the nature of the arrests and convictions and, therefore, was insufficient to establish probable cause. We disagree. The affidavit stated, "I have personally known the informant, John Doe, who has supplied *this information* since approximately 1969." (Emphasis added.) That language indicates the information was in reference to narcotics, as reflected in the preceding sentence which referred to "narcotic activities" and "narcotic possession and sales." There is no requirement that the affidavit reveal that the informant's prior tips pertained to drug possession. A declaration that the informant's past information has led to convictions is an adequate demonstration of the informant's credibility; the relevant consideration is the informant's ability to report timely information in a truthful manner, not his or her expertise in reporting a specific type of crime. *People v. Tisler* (1984), 103 Ill. 2d 226, 249; 1 W. LaFave, Search & Seizure sec. 3.3(b), at 509, 520 (1978).

Equally devoid of merit is the defendant's second contention, that the affidavit is insufficient because it failed to state the specific properties or packaging that led the informer to determine that the substances he viewed were illegal drugs. This court rejected a similar argument in *People v. Bauer* (1981), 102 Ill. App. 3d 31, 37 and *People v. Curry* (1980), 84 Ill. App. 3d 256, 259-60. Because the affidavit in the present case is similar in nature to the affidavits involved in its prior decisions, this court once again rejects the argument the defendant advances here.

Based on *People v. Bauer* and *People v. Curry*, both of which were decided under the more demanding standard applied in *Aguilar v. Texas* (1964), 378 U.S. 108, 12 L. Ed. 2d 723, 84 S. Ct. 1509, it is manifest that the affidavit for search warrant set forth sufficient underlying facts to sustain a determination that probable cause existed. Therefore, it follows that the affidavit complied with the less rigorous test for determining probable cause that the United States Supreme Court explicated in *Illinois v. Gates* (1983), 462 U.S. 213, 76 L. Ed. 2d 527, 103 S. Ct. 2317, *People v. Exline* (1983), 98 Ill. 2d 150, 155.

In sum, we conclude the affidavit in support of the search warrant was sufficient to establish probable cause for issuance of the warrant.

■ The defendant next claims he was not proved guilty beyond a

reasonable doubt of possession with the intent to deliver more than 10 grams but not more than 30 grams of a substance containing cocaine (Ill. Rev. Stat. 1983, ch. 56½, par. 1401(b)(2)). He argues that the mere fact that he possessed 21.9 grams of a substance containing cocaine in his residence was an insufficient basis upon which to predicate the inference that he intended to distribute the drug. The State maintains, without citation of authority, that the intent to deliver cocaine may be inferred from the defendant's possession of an extraordinarily large quantity of cannabis and various types of drug paraphernalia.

In executing the search warrant, the police seized the following from a room in defendant's single-family residence: a plastic bag containing a white powdery substance; a container with a white powder; a plastic bag containing a brown powdery substance; a bottle containing a liquid (acetone); a plastic container that held five plastic bags of a green leafy substance, a bag containing rolling papers, and "roaches" or burned cigarette butts; a plastic bag that held a green leafy substance that was packaged in three smaller plastic bags; a green leafy substance packaged in 24 small bags; and two other bags containing a green leafy substance. The parties stipulated that the total weight of the substances containing cocaine was 21.9 grams, while the combined weight of the cannabis was 578.8 grams.

The police also seized from that room a number of bags and bottles that contained white pills or white powdery substances which were not controlled substances, a battery-powered grinder, various types of drug paraphernalia such as marijuana pipes, small vials that could be used for "snorting" cocaine, and at least one scale, as well as some ether that could be used for "free-basing" cocaine. In addition, the police seized a starter pistol, a sawed-off shotgun, a .45-caliber pistol with a loaded clip and an extra .22-caliber barrel with a loaded clip, and two other shotguns.

Although some States have enacted statutes that specify the particular quantity of illegal drugs that creates a permissive inference or rebuttable presumption of an intent to deliver, distribute or sell narcotics (see Annot., 60 A.L.R.3d 1128 (1974)), the Illinois Controlled Substances Act (Ill. Rev. Stat. 1983, ch. 56½, par. 1401 *et seq.*) does not contain such a provision. However, in Illinois a reasonable inference of intent to deliver narcotics arises from the possession of a quantity of contraband in excess of any amount that could be viewed as designed for personal use. (*People v. Hunter* (1984), 124 Ill. App. 3d 516, 525-26 (a large volume (350) of pills); *People v. Munoz* (1982), 103 Ill. App. 3d 1080, 1082 (250 grams of cocaine).) An examination

of these cases discloses that other factors may also support or strengthen the inference that narcotics were possessed with the intent to deliver. See *People v. Hunter* (1984), 124 Ill. App. 3d 516, 526 (the combination of controlled substances in the defendant's possession and the manner in which they were kept, locked in the trunk and scattered on the front seat of his car).

One factor that the trial court could have considered as evidence of intent to deliver is the presence in the defendant's home of the grinder and a scale, objects which are properly viewed as drug paraphernalia (see *People v. Stamps* (1982), 108 Ill. App. 3d 280, 295), along with other drug paraphernalia. A second factor weighing in favor of the inference of possession with intent to deliver cocaine is the presence of a large amount of marijuana. (See *State v. Staton* (La. App. 1983), 433 So. 2d 222, 225 (where defendant's possession of 21 grams of cocaine, augmented by the 34 pounds of marijuana he also possessed, tended to prove his intent to distribute controlled substances, including cocaine).) A third element that is properly viewed as consistent with an intent to distribute cocaine is the existence of weapons in the defendant's home. See *United States v. Franklin* (8th Cir. 1984), 728 F.2d 994, 1000, and cases cited therein.

This court will not substitute its judgment for that of the court below unless the inference the trier of fact drew is inherently impossible or unreasonable. (*People v. Hunter* (1984), 124 Ill. App. 3d 516, 525.) We conclude that sufficient evidence was presented to support the trial court's inference that defendant intended to deliver the cocaine and cannabis in his possession.

Accordingly, we affirm the judgment of the trial court.

Affirmed.

NASH, P.J., and REINHARD, J., concur.