THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
EDWARD R. CORDLE, Defendant-Appellant.

Fourth District   No. 4—90—0690

Opinion filed March 14, 1991.

Daniel D. Yuhas and Jeffrey D. Foust, both of State Appellate Defender's Office, of Springfield, for appellant.

Lawrence R. Fichter, State's Attorney, of Decatur (Kenneth R. Boyle, Robert J. Biderman, and Rebecca L. White, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE SPITZ delivered the opinion of the court:

Following a bench trial conducted in the circuit court of Macon County, the defendant Edward R. Cordle was found guilty of the unlawful production of 41 *Cannabis sativa* plants and the unlawful possession of over 500 grams of cannabis with intent to deliver. (Ill. Rev. Stat. 1989, ch. 56½, pars. 708, 705(e).) Defendant was sentenced to serve concurrent terms of imprisonment of one year for production of *Cannabis sativa* plants and three years for unlawful possession with intent to deliver.

On appeal, the only issue raised is whether defendant was proved guilty beyond a reasonable doubt of possession with intent to deliver. We affirm.

██ Under the decision of *Jackson v. Virginia* (1979), 443 U.S. 307, 61 L. Ed. 2d 560, 99 S. Ct. 2781, in determining whether the elements of the charged offense have been proved beyond a reasonable doubt, the reviewing court need only examine the record, viewing the evidence in the light most favorable to the prosecution, with the objective of deciding whether any rational trier of fact could have found the essential elements of the offense to have been proved beyond a reasonable doubt. Every reasonable hypothesis of innocence need not be excluded to sustain conviction. It is the function of the trier of fact to weigh the credibility of witnesses and to resolve conflicts or inconsistencies in the testimony, and the reviewing court will not retry the defendant. See *People v. Eyler* (1989), 133 Ill. 2d 173, 549 N.E.2d 268.

Defendant told police, and admitted at trial, that the cannabis found in his residence was his. However, he stated he had no intent to sell it. There was testimony that the unprocessed cannabis plants confiscated from defendant's basement weighed 938.8 grams.

██ █ Defendant concedes that a reasonable inference of the intent to deliver may arise from possession of a quantity of drugs in excess of that needed for personal use. (*People v. Romero* (1989), 189 Ill. App. 3d 749, 546 N.E.2d 7; *People v. Schaefer* (1985), 133 Ill. App. 3d 697, 479 N.E.2d 428.) Nevertheless, defendant argues the State did not prove beyond a reasonable doubt that the cannabis seized exceeded the amount necessary for personal use because the plants had not been dried or processed and there is no testimony of how much usable cannabis would be produced from the seized plants. Defendant also argues that there is no evidence of a corroborating nature which would support a finding of possession with intent to deliver such as scales, baggies, baggie corners, weapons, beepers, cannabis packaged for delivery, a large sum of money, or prior deliv-

eries. Furthermore, defendant had a full-time job. Defendant recognizes he had a "fairly elaborate" hydroponic method of growing cannabis, but complains that, although the State put in evidence the cost of new equipment for this purpose, the State failed to present evidence of the cost of used equipment. Certainly, if defendant wanted to challenge the inference that he was intending to deliver cannabis as shown by the expensive nature of the equipment he used to grow it, then defendant could have presented evidence of the cost of used equipment. In any event, this court now holds that the amount of the cannabis alone, without any additional evidence, is sufficient to support a finding of possession with intent to deliver. It is true that in a number of cases the courts have referred to the presence of additional evidence which supports the finding of possession with intent to deliver. (*Romero*, 189 Ill. App. 3d 749, 546 N.E.2d 7; *People v. Friend* (1988), 177 Ill. App. 3d 1002, 533 N.E.2d 409; *People v. Tovar* (1988), 169 Ill. App. 3d 986, 523 N.E.2d 1178; *People v. Whitfield* (1986), 140 Ill. App. 3d 433, 488 N.E.2d 1087; *People v. Birge* (1985), 137 Ill. App. 3d 781, 485 N.E.2d 37; *Schaefer*, 133 Ill. App. 3d 697, 479 N.E.2d 428.) However, as *People v. Kline* (1976), 41 Ill. App. 3d 261, 354 N.E.2d 46, points out, the presence of paraphernalia merely strengthens the inference. There is no need for evidence of paraphernalia to give rise to that inference. Nevertheless, defendant does seem to ignore the evidence of a package of cannabis seeds and two additional tables being under construction to apparently expand defendant's capacity to grow cannabis.

Accordingly, the judgment of the circuit court of Macon County is affirmed.

Affirmed.

GREEN and McCULLOUGH, JJ., concur.