THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. 1988 MERCURY COUGAR, VIN 1MRBM62F1JH704503, Defendant-Appellant (Kenneth M. McGowan, Appellant).

Fourth District  No. 4—91—0427

Opinion filed February 6, 1992.

George F. Taseff and Ronald A. Lewis, both of Bloomington, for appellant.

Charles G. Reynard, State's Attorney, of Bloomington (Kenneth R. Boyle, Robert J. Biderman, and Jeffrey K. Davison, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

PRESIDING JUSTICE GREEN delivered the opinion of the court:

On May 4, 1990, following the arrest of Kenneth McGowan for unlawful possession of a controlled substance (Ill. Rev. Stat. 1989, ch. 56½, par. 1402(b)), the State filed a complaint in the circuit

court of McLean County pursuant to section 505(a)(3) of the Illinois Controlled Substances Act (Act) (Ill. Rev. Stat. 1989, ch. 56½, par. 1505(a)(3)), seeking forfeiture of a 1988 Mercury Cougar automobile, owned by McGowan, and solely occupied and driven by McGowan at the time of his arrest. The complaint alleged that during a lawful search of the 1988 Mercury Cougar automobile a quantity of cocaine was seized from the automobile, subjecting it to forfeiture under the Act.

Subsequently, McGowan pleaded guilty to the offense of unlawful possession of a controlled substance, and the State filed a motion for summary judgment on the forfeiture complaint. McGowan, as an additional party to the complaint, filed a motion to dismiss. McGowan now appeals an order entered by the circuit court on June 11, 1991, granting the State's motion for summary judgment, dismissing McGowan's motion to dismiss and ordering the forfeiture of McGowan's automobile.

The sole issue, here, is whether a civil sanction requiring forfeiture of McGowan's automobile was so excessive as to constitute a second punishment for the same criminal conduct in violation of the double jeopardy clause. We conclude forfeiture of McGowan's automobile, after he had already been prosecuted criminally for the same conduct, was not barred by double jeopardy.

■ There is no dispute that McGowan was in possession of .04 grams of cocaine on May 4, 1990, in violation of section 402(b) of the Act. McGowan pleaded guilty to the offense and on February 14, 1991, he was sentenced to 30 months' probation pursuant to section 410 of the Act, and ordered to pay a fine and court costs. In addition, there is no dispute that McGowan's automobile was subject to forfeiture under section 505(a)(3) of the Act, which "provides that a vehicle is subject to forfeiture if it is 'used *** in any manner to facilitate any violation of [the] Act.' " (*People v. 1946 Buick, VIN 34423520* (1989), 127 Ill. 2d 374, 377, 537 N.E.2d 748, 750, quoting Ill. Rev. Stat. 1989, ch. 56½, par. 1505(a)(3).) This court has recently held that the mere existence of a controlled substance in violation of the Act, on the person driving an automobile, subjects the automobile to forfeiture under section 505(a)(3) of the Act. *People ex rel. Broch v. Hogg* (1991), 213 Ill. App. 3d 188, 571 N.E.2d 888.

McGowan contends the instant case falls within the scope of the United States Supreme Court decision in *United States v. Halper* (1989), 490 U.S. 435, 104 L. Ed. 2d 487, 109 S. Ct. 1892, where that Court held that "under the Double Jeopardy Clause a

defendant who already has been punished in a criminal prosecution may not be subjected to an additional civil sanction to the extent that the second sanction may not fairly be characterized as remedial, but only as a deterrent or retribution." (*Halper*, 490 U.S. at 448-49, 104 L. Ed. 2d at 502, 109 S. Ct. at 1902.) For reasons we will discuss, we deem *Halper* distinguishable from the instant case.

Although no Illinois decisions can be found which have dealt with this exact question, Illinois courts have approved forfeiture of vehicles, under similar circumstances, noting that issues of any harshness resulting from the proceedings should be addressed to the legislature, not to this court. (*Hogg*, 213 Ill. App. 3d at 195, 571 N.E.2d at 893.) Prior to *Halper*, the United States Supreme Court in *Helvering v. Mitchell* (1938), 303 U.S. 391, 82 L. Ed. 917, 58 S. Ct. 630, addressed the question of whether following the acquittal of the underlying criminal charges in tax fraud cases, the imposition of a civil tax penalty of 50% of the tax deficiency, in addition to the amount of the tax deficiency, implicated double jeopardy. The *Mitchell* Court noted "Congress may impose both a criminal and a civil sanction in respect to the same act or omission; for the double jeopardy clause prohibits merely punishing twice, or attempting a second time to punish criminally, for the same offense." *Mitchell*, 303 U.S. at 399, 82 L. Ed. at 922, 58 S. Ct. at 633.

The *Mitchell* Court determined that enforcement of a civil sanction, remedial in nature, could not give rise to double jeopardy, and there, although the civil sanction sought the amount of tax deficiency plus an additional 50% of the deficiency, the sanction was remedial in nature because it represented reimbursement to the State for investigatory and other costs resulting from taxpayer fraud. Similarly, the Supreme Court has deemed other civil sanctions, allegedly imposing a greater penalty than the actual damages to the State, such as a fixed amount plus double damages, not barred by the double jeopardy clause when the defendant had already been criminally punished, because the civil sanctions represented an approximation of the State's actual and ancillary costs. *United States ex rel. Marcus v. Hess* (1943), 317 U.S. 537, 87 L. Ed. 443, 63 S. Ct. 379; *Rex Trailer Co. v. United States* (1956), 350 U.S. 148, 100 L. Ed. 149, 76 S. Ct. 219.

Moreover, a civil sanction requiring forfeiture of undeclared goods was deemed remedial in nature and not barred by the double jeopardy clause even though the defendant was acquitted of

the underlying smuggling charges in *One Lot Emerald Cut Stones & One Ring v. United States* (1972), 409 U.S. 232, 34 L. Ed. 2d 438, 93 S. Ct. 489. There, the Supreme Court noted that forfeiture "prevents forbidden merchandise from circulating in the United States, and, by its monetary penalty, it provides a reasonable form of liquidated damages for violation of the inspection provisions and serves to reimburse the Government for investigation and enforcement expenses." *One Lot Emerald*, 409 U.S. at 237, 34 L. Ed. 2d at 443, 93 S. Ct at 493.

The Supreme Court in *Halper* (490 U.S. 435, 104 L. Ed. 2d 487, 109 S. Ct. 1892) recognized the propriety of the foregoing decisions, concluding those decisions established that the State was entitled to "rough remedial justice, that is, it may demand compensation according to somewhat imprecise formulas, such as reasonable liquidated damages *** without being deemed to have imposed a second punishment for the purpose of double jeopardy analysis." (*Halper*, 490 U.S. at 446, 104 L. Ed. 2d at 500, 109 S. Ct. at 1900.) However, the *Halper* Court decided the foregoing cases "[did] not foreclose the possibility that in a particular case a civil penalty authorized by the Act may be so extreme and so divorced from the Government's damages and expenses as to constitute punishment." *Halper*, 490 U.S. at 442, 104 L. Ed. 2d at 497, 109 S. Ct. at 1898.

In determining whether a civil sanction constitutes multiple punishment barred by the double jeopardy clause, the *Halper* Court deemed it necessary to assess the actual character of the sanction and whether it only served the goals of punishment, that is, retribution and deterrence. There, the defendant was indicted on 65 counts of violating the Federal criminal false-claims statute (18 U.S.C. §287 (1986)), for submitting 65 false claims to the government for Medicare reimbursement, for a total loss to the government of $585. He was convicted on all 65 counts and sentenced to two years' imprisonment and fined $5,000. Subsequently, the government instituted an action under the Federal False Claims Act (31 U.S.C. §§3729 through 3731 (1986)), which imposed a penalty of $2,000 plus double damages for each violation authorizing a recovery of more than $130,000. The Federal district court had concluded the $130,000 bore no "rational relation" to the government's actual $585 loss, plus investigatory and court costs and deemed imposition of the civil penalty in violation of the double jeopardy clause's prohibition of multiple punishment. The Federal

district court limited the government's recovery to double damages of $1,170 and court costs.

Agreeing with the Federal district court, the *Halper* Court noted the significant disparity between the government's actual damages, estimated by the district court to be $16,000, as compared to the civil penalty of more than $130,000. The Court concluded the civil sanction constituted a second punishment in violation of double jeopardy, and remanded to the district court to permit the government to introduce evidence of its damages.

Here, McGowan testified at the hearing on the State's motion for summary judgment, and his motion to dismiss, as follows: (1) he was enrolled as a freshman at Illinois State University, he was 30 years old, unemployed and supported himself with social security and disability payments; (2) on February 14, 1991, he was sentenced to 30 months' probation and assessed a fine and court costs; (3) he was the owner of the automobile subject to the forfeiture proceeding; (4) he currently had possession of the automobile pursuant to an agreement with the State's Attorney's office; (5) he was a paraplegic with no feeling below his waist; (6) the automobile in question was specially equipped to enable him to drive; (7) he was in possession of cocaine when he was arrested; (8) he purchased the cocaine for $50; (9) he purchased the automobile new at a price between $17,000 and $18,000; (10) he believed the present value of the automobile was between $8,000 and $10,000; and (11) he is totally dependent on the automobile for transportation.

McGowan claims that forfeiture of his automobile can only be characterized as punishment in violation of the double jeopardy clause in light of his dependency on the automobile and the disparity between the value of the automobile and the amount of cocaine found in his possession. Moreover, McGowan maintains the State never presented any evidence as to the loss it sustained as a result of his criminal conduct, and in any event, the State never sustained any damage or loss of any kind. We disagree.

■ Initially, we conclude the *Halper* Court did not intend to change the traditional acceptance of forfeiture as a means of reasonable liquidated damages, particularly in a case such as here, where the State has incurred considerable cost in investigating and prosecuting drug-related crime. The *Halper* Court recognized the difficulty in ascertaining the exact amount of loss incurred by the State, and noted the process of "affixing a sanction that compensates the Government for all its costs inevitably involves ***

rough justice." (*Halper*, 490 U.S. at 449, 104 L. Ed. 2d at 502, 109 S. Ct. at 1902.) The *Halper* Court stated its decision was not directed at those "time-honored judgments" upholding reasonable liquidated damages and fixed penalty plus double damages in an ordinary case. Rather, the *Halper* Court announced:

> "[A] rule for the rare case, the case such as the one before us, where a fixed-penalty provision subjects a prolific but small-gauge offender to a sanction overwhelmingly disproportionate to the damages he has caused. The rule is one of reason: Where a defendant previously has sustained a criminal penalty and the civil penalty sought in the subsequent proceeding bears no rational relation to the goal of compensating the Government for its loss, but rather appears to qualify as 'punishment' in the plain meaning of the word, then the defendant is entitled to an accounting of the Government's damages and costs to determine if the penalty sought in fact constitutes a second punishment." *Halper*, 490 U.S. at 449-50, 104 L. Ed. 2d at 502, 109 S. Ct. at 1902.

We recognize the special circumstances involved here; nevertheless, unlike *Halper*, forfeiture of McGowan's automobile was not "overwhelmingly disproportionate to the damages he has caused." Furthermore, unlike *Halper*, forfeiture of McGowan's automobile serves the purpose of removing the instrument of the crime, rather than merely imposing a monetary sanction on the party responsible for the criminal conduct. As we already stated, "[r]equests to alleviate the harshness of this result should be addressed to the legislature, not to this court." *Hogg*, 213 Ill. App. 3d at 195, 571 N.E.2d at 893.

For the above-stated reasons, we affirm the order of the circuit court.

Affirmed.

STEIGMANN and McCULLOUGH, JJ., concur.