THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. OMAR ADAWI, Defendant-Appellant.

Fourth District    No. 4—91—0723

Opinion filed June 29, 1992.

Theodore A. Gottfried, of State Appellate Defender's Office, of Springfield (Barbara VanTine, of Mason City, of counsel), for appellant.

Thomas J. Difanis, State's Attorney, of Urbana (Norbert J. Goetten and Robert J. Biderman, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE STEIGMANN delivered the opinion of the court:

At a bench trial in July 1991, the trial court found defendant guilty of three counts of unlawful delivery of a controlled substance (more than 5 grams but less than 15 grams of a substance containing cocaine) (counts I to III) (Ill. Rev. Stat. 1989, ch. 56½, par. 1401(c)(2)), unlawful possession with intent to deliver a controlled substance (10 or more segregated parts of objects containing in them or having on them a substance containing lysergic acid diethylamide (LSD)) (count IV) (Ill. Rev. Stat. 1989, ch. 56½, par. 1401(a)(7)), and unlawful possession with intent to deliver cannabis (more than 500 grams of a substance containing cannabis) (count XII) (Ill. Rev. Stat. 1989, ch. 56½, par. 705(e)). In September 1991, the court sentenced defendant to four years in prison each on counts I to III, six years in prison on count IV, and three years in prison on count XII, with all sentences to run concurrently. Defendant appeals, arguing that (1) the trial court erred by denying his motion to dismiss on statutory double jeopardy grounds, and (2) the State's evidence did not prove him guilty beyond a reasonable doubt.

We affirm.

## I. DEFENDANT'S MOTION TO DISMISS

In January 1991, the State filed an initial 13-count information charging defendant with various drug-related offenses. In April 1991,

the Champaign County grand jury returned a 21-count indictment, again charging defendant with various drug-related offenses and subsuming the earlier information. In May 1991, while those charges were pending, the Illinois Department of Revenue (Department) filed a notice of State tax lien with the Champaign County circuit clerk, notifying defendant that, "there is now due, owing, and unpaid [from defendant] to the State of Illinois, taxes, penalties, and interest arising under the Cannabis and Controlled Substances Tax Act [(Act)] (Ill. Rev. Stat., ch. 120, par. 2151 et seq.)." The notice stated that the amount due was $250,507.12. The notice cited section 16 of the Act (Ill. Rev. Stat. 1989, ch. 120, par. 2166) and informed the circuit clerk that defendant has been notified of this lien upon all of his accounts, including funds belonging to him which may be in the possession of the circuit clerk, except to the extent that those funds may be used to pay fees, restitution, fines, or other costs as ordered by the court.

Prior to the July 1991 bench trial, defendant filed a motion to dismiss, arguing that prosecution was barred by sections 3—3 and 3—4 of the Criminal Code of 1961 (Code) (Ill. Rev. Stat. 1989, ch. 38, pars. 3—3, 3—4), the fifth amendment to the United States Constitution (U.S. Const., amend. V), and article I, section 10, of the Illinois Constitution (Ill. Const. 1970, art. I, §10). In his motion, defendant asserted that he was charged with multiple counts of various drug-related offenses and that he had "already been punished for the instant offense in that he has been subjected to a jeopardy assessment by the Illinois Department of Revenue punishing substantially the same conduct with which he is charged *** in the instant case." The trial court denied defendant's motion, and on appeal defendant now argues only sections 3—3 and 3—4 of the Code in support of his position that the trial court erred by denying his motion to dismiss.

Sections 16(a) and (c) of the Act state, in part, the following:

"(a) Assessment. An assessment for a dealer not possessing valid stamps or other official indicia showing that the tax has been paid shall be considered a jeopardy assessment or collection, as provided by Section 1102 of the Illinois Income Tax Act. The Department shall determine and assess a tax and applicable penalties and interest according to the best judgment and information available to the Department, which amount so fixed by the Department shall be prima facie correct and shall be prima facie evidence of the correctness of the amount of tax due, as shown in such determination.

   ***

(c) Protest. If the taxpayer believes that he does not owe some or all of the amount for which the jeopardy assessment lien against him has been filed, he may protest within 20 days after being notified by the Department of the filing of such jeopardy assessment lien and request a hearing, whereupon the Department shall hold a hearing in conformity with the provisions of Section 908 of the Illinois Income Tax Act and, pursuant thereto, shall notify the taxpayer of its decision as to whether or not such jeopardy assessment lien will be released.

After the expiration of the period within which the person assessed may file an action for judicial review under the Administrative Review Law without such action being filed, a certified copy of the final assessment or revised final assessment of the Department may be filed with the Circuit Court of the county in which the dealer resides *** or in the county where the violation of this Act took place." Ill. Rev. Stat. 1989, ch. 120, pars. 2166(a), (c).

Section 10 of the Act provides that "[i]n addition to the tax and penalty imposed, a dealer distributing or possessing cannabis or controlled substances without affixing the required stamps, labels, or other indicia is guilty of a Class 4 felony." Ill. Rev. Stat. 1989, ch. 120, par. 2160.

Defendant refers to sections 10 and 16(a) of the Act and then presents this court with the following argument:

"Because the jeopardy assessment placed upon [defendant] was prima facie correct, it, therefore, follows that the Defendant was guilty of a Class 4 felony upon the service of the Notice of State Tax Lien on May 22, 1991. [Defendant's] guilt was predicated upon his sale of cannabis and controlled substances."

By the above argument, defendant attempts to equate the Department's filing of a State tax lien with his being convicted of a Class 4 felony for violating the Act. This attempt is utterly without merit.

Section 16(a) of the Act is part of a comprehensive administrative scheme by which the Department may assess a lien through administrative procedures and thereby seek to obtain the assets of a person who owes tax pursuant to the provisions of the Act. Section 16(c) of the Act explicitly provides for "judicial review under the Administrative Review Law" for persons who believe the tax was improperly assessed against them (Ill. Rev. Stat. 1989, ch. 120, par. 2166(c)), and sections 25 and 26 of the Act expressly make the Illinois Administrative Procedure Act (Ill. Rev. Stat. 1989, ch. 127, par. 1001

*et seq.*) and the Administrative Review Law (Ill. Rev. Stat. 1989, ch. 110, par. 3—101 *et seq.*) applicable to proceedings under the Act. (Ill. Rev. Stat. 1989, ch. 120, pars. 2175, 2176.) The filing of the State tax lien is simply a preliminary step in a civil administrative procedure. Because mere notice of the assessment of a civil penalty is not tantamount to a criminal conviction, the filing of the State tax lien does not in any way implicate the protections afforded defendants by sections 3—3 and 3—4 of the Code.

Even if we were to conclude that the notice of tax lien became "final" upon the expiration of the 20-day period for filing a protest under section 16(c) of the Act, any question of whether the lien constitutes an impermissible second punishment is not before us. Because defendant raises no claim that the lien is extreme or that it bears no rational relationship to the State's legitimate right to impose a separate civil sanction upon him for his conduct, he is not attempting to avoid the lien. (See *United States v. Halper* (1989), 490 U.S. 435, 104 L. Ed. 2d 487, 109 S. Ct. 1892; *People v. 1988 Mercury Cougar* (1992), 225 Ill. App. 3d 876, 587 N.E.2d 595, *appeal allowed* (1992), 145 Ill. 2d 641.) Accordingly, the trial court correctly denied defendant's motion to dismiss.

## II. SUFFICIENCY OF THE EVIDENCE

■ In his argument regarding the sufficiency of the evidence to convict him, defendant does not challenge the evidence at trial that showed he possessed a large quantity of assorted illegal drugs, including cocaine, heroin, and cannabis. Nor does defendant seriously contest the testimony of the State's confidential source, Randy Frank, who made a deal with the police to purchase drugs from defendant (and proceeded to do so five or six times) in order to help himself regarding his own charge of selling cocaine. Frank testified that over a 1½-year period, he was in defendant's apartment more than 20 separate times when he observed visitors enter, saw defendant take them to a separate room, and then saw them leave a few minutes later.

Each of Frank's purchases of cocaine from defendant was a "controlled buy," meaning the police searched Frank to ensure he possessed no cocaine before they watched him go into defendant's apartment and return to them a short time later with cocaine that Frank said he bought from defendant. The officers involved in these "controlled buys" all testified. A State Police officer experienced with illegal drug trafficking testified that a conservative street value on the various unlawful drugs contained within defendant's apartment would run from $16,000 to $19,000.

Defendant's primary argument on appeal, as it was at the trial level, was directed at the sufficiency of the evidence presented to prove him guilty of count IV (possession with intent to deliver LSD). Defendant argues that the evidence showed he was a "drug connoisseur," who hoarded supplies of controlled substances "much like the general populace collects vacation mementos." In response to this argument, the trial court noted that significant quantities of LSD were packaged for sale and that defendant had told Frank he personally did not like the effects of LSD. The trial court rejected the defendant's "mementos" theory and found him guilty of count IV. We similarly reject defendant's argument and find that the evidence fully supported the trial court's verdict. See *People v. Cordle* (1991), 210 Ill. App. 3d 740, 741-42, 569 N.E.2d 209, 210.

For the reasons stated, we affirm the judgment of the circuit court.

Affirmed.

GREEN, P.J., and KNECHT, J., concur.