THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
KEVIN ROUSER, Defendant-Appellant.

Third District   No. 3—89—0609

Opinion filed July 5, 1990.

BARRY, J., dissenting.

Peter A. Carusona, of State Appellate Defender's Office, of Ottawa, for appellant.

Edward Burmila, State's Attorney, of Joliet (Michael C. Rolinski and John X. Breslin, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE STOUDER delivered the opinion of the court:

Following a bench trial, the court convicted the defendant, Kevin Rouser, of unlawful possession of a controlled substance with the intent to deliver (Ill. Rev. Stat. 1987, ch. 56½, par. 1401(c)). The court thereafter sentenced him to six years' imprisonment. The defendant appeals.

The record shows that on August 8, 1988, undercover police officer Robert Glynn went to a residence at 1032 Charlesworth in Joliet with another man. Glynn gave the man $250 in marked money and the man went into the residence to purchase cocaine. The man subse-

quently came out with a bag containing a substance appearing to be cocaine.

Later that day, police officers returned to the residence with a search warrant. They knocked on the door, identified themselves, and announced their intentions. After waiting one minute, they entered the house and observed two men in a bathroom, with a third exiting the bathroom. When the third man saw the officers, he ran back into the bathroom and attempted to close the door. As the officers struggled to open the door, they heard the toilet flush. After forcing their way in, they saw the men shuffling around. They thereafter recovered .3 grams of cocaine from an open clothes hamper in the bathroom, along with another packet, the contents of which were not analyzed. They also found a pipe used for smoking marijuana or cocaine. In the kitchen, they found a bottle of grain alcohol, two steel rods, and a test tube, all of which were items used in free-basing cocaine. Items used in cutting and packaging cocaine for sale were also found in the kitchen. Small amounts of cannabis were found in the kitchen and a bedroom.

Although numerous documents, including the rental agreement for the residence, were in another party's name, documents belonging to the defendant were also recovered in the house. Among these was a social security card application on which the defendant had listed 1032 Charlesworth as his mailing address. $850 in cash, including the marked $250 Officer Glynn had used in the earlier purchase, was found in the unemployed defendant's pocket.

On appeal, the defendant initially argues that the State failed to prove beyond a reasonable doubt that he possessed the cocaine found in the clothes hamper.

To support a conviction for unlawful possession of a controlled substance, the State must prove that the defendant had knowledge of the substance and that it was under his immediate and exclusive control. (*People v. Strong* (1986), 151 Ill. App. 3d 28, 502 N.E.2d 744.) The possession may be constructive, and the rule that possession must be exclusive does not mean that possession may not be joint. (*People v. Burke* (1985), 136 Ill. App. 3d 593, 483 N.E.2d 674.) When narcotics are found in an area under the defendant's control, that fact gives rise to an inference that the defendant had knowledge and control of the narcotics, absent other facts and circumstances which might leave a reasonable doubt as to the defendant's guilt. (*People v. Wiley* (1988), 174 Ill. App. 3d 444, 528 N.E.2d 26.) Knowledge and control of narcotics are questions of fact for determination by the trier of fact, and its decision will not be disturbed unless the evidence

is so palpably contrary to the verdict, or so unreasonable, improbable, or unsatisfactory, as to create a reasonable doubt of guilt. (*People v. Strong* (1986), 151 Ill. App. 3d 28, 502 N.E.2d 744.) In making this determination, the reviewing court will examine the evidence in the light most favorable to the prosecution, and the relevant question is whether any rational trier of fact could have found the defendant guilty beyond a reasonable doubt of the charged crime. *People v. Collins* (1985), 106 Ill. 2d 237, 478 N.E.2d 267.

■ In the instant case, the defendant was in the bathroom, only 1½ feet from the open hamper containing the cocaine. The activities in the bathroom were such that a reasonable person could conclude that the defendant and the other men were disposing of illegal drugs. Despite having flushed the toilet, the men in the bathroom were still shuffling about as the police entered. Again, a reasonable person could conclude that their actions were due to their knowledge that they had not disposed of all the illegal drugs. In sum, we find that a rational trier of fact could have concluded that the defendant was proved guilty beyond a reasonable doubt of possessing the cocaine.

The defendant next argues that the State failed to prove beyond a reasonable doubt that he possessed the cocaine with the intent to deliver.

■ Whether an individual possesses a controlled substance with the intent to deliver is not always subject to direct proof. (*People v. LeCour* (1988), 172 Ill. App. 3d 878, 527 N.E.2d 125.) A reasonable inference of intent is permitted when the amount of the contraband possessed could not be viewed as designed for personal consumption. (*People v. Marshall* (1988), 165 Ill. App. 3d 968, 521 N.E.2d 538.) Other factors may also support or enhance the inference that narcotics were possessed with the intent to deliver, namely, the possession of a combination of drugs, the manner in which they were kept, the presence of paraphernalia used in the sale of drugs, the discovery of a large amount of cash, and the existence of weapons. (*People v. Schaefer* (1985), 133 Ill. App. 3d 697, 479 N.E.2d 428; *People v. Friend* (1988), 177 Ill. App. 3d 1002, 533 N.E.2d 409.) A reviewing court will not substitute its judgment for that of the trial court unless the inference of the trier of fact is inherently unreasonable. *People v. Schaefer* (1985), 133 Ill. App. 3d 697, 479 N.E.2d 428.

■ Here, the trial court's statements in finding the defendant guilty indicated that it believed the defendant did not have constructive possession of the house, but only of the bathroom. Accordingly, the drugs and drug paraphernalia found in other parts of the house were largely irrelevant in determining whether the defendant was

proved guilty beyond a reasonable doubt of possession with intent to deliver. Further, the pipe found in the bathroom would indicate the drugs were for personal consumption rather than for sale. While the defendant possessed the $250 in marked money, the State never presented any evidence that the substance purchased earlier in the day actually was an illegal drug. Additionally, no evidence was presented that the defendant had anything to do with the sale of that substance. In fact, the only thing the State directly proved was that the defendant possessed a large amount of cash and a tiny amount of cocaine. Under these circumstances, we find that the trial court stretched the limited circumstantial evidence beyond a reasonable inference.

■7· Accordingly, pursuant to our authority under Supreme Court Rule 615(b)(3) (107 Ill. 2d R. 615(b)(3)), we reduce the degree of the defendant's offense to unlawful possession of a controlled substance (Ill. Rev. Stat. 1987, ch. 56½, par. 1402(b)). We remand the cause to the circuit court of Will County for resentencing based on that offense.

Reduced and remanded.

SCOTT, J., concurs.

JUSTICE BARRY, dissenting:

In my opinion, the majority gives lip service to the appropriate standard of review and the law respecting the factors that support or enhance the inference that narcotics are possessed with the intent to deliver. But, in reversing defendant's conviction, the majority does a disservice to those principles recited.

The trial court found the residence at 1032 Charlesworth to be a "drug house"—that is, a residence in which the unlawful procurement, delivery and/or use of controlled substances is tolerated by the owner(s), tenant(s), resident(s) and/or their agents or guests. The record on appeal certainly supports that determination.

Shortly after an undercover officer purchased a white powdery substance alleged to be cocaine at 1032 Charlesworth, police officers returned to the house with a search warrant and found defendant and others busy in and about the bathroom near a flushing toilet and a hamper containing a packet of cocaine. Defendant had $850 in his jeans pocket, and testimony at trial indicated that defendant was neither currently nor recently employed. $250 of this money was the marked money used by the undercover officer for the earlier purchase. A further search of the house revealed documentation of

defendant's relationship with the residence and its leaseholder, Kim Cherry. It also revealed drug paraphernalia in plain view. To hold under these circumstances that the evidence of defendant's intent to deliver was so unreasonable, improbable or unsatisfactory as to create a reasonable doubt is blinking reality.

It appears that the majority has chosen to reject as circumstantial evidence of defendant's "intent to deliver" all evidence beyond the area of the flushing toilet where defendant was found "shuffling" around when the police gained entry into the house. I am aware of no rule of law that requires a finding that defendant possessed, constructively or otherwise, every item of circumstantial evidence of his guilt. The trial court was satisfied on the basis of evidence properly admitted—including two packets of white powdery substance in the hamper, $250 in marked bills and $550 more in unexplained cash in defendant's jeans, paraphernalia for free-basing cocaine in the bathroom and in plain view in the kitchen, defendant's furtive activity near the flushing toilet, the prior drug transaction at the house, and documentation of defendant's relationship to the residence and its lessee—that defendant was guilty of the offense of possession with the intent to deliver. While another trier of fact may have found otherwise, it bears repeating that it is not our purview to retry defendant, but rather to determine whether, after viewing all of the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia* (1979), 443 U.S. 307, 319,. 61 L. Ed. 2d 560, 573, 99 S. Ct. 2781, 2789; *People v. Young* (1989), 128 Ill. 2d 1, 538 N.E.2d 453; *People v. Collins* (1985), 106 Ill. 2d 237, 478 N.E.2d 267.

In this case, as the trial court stated, circumstantial evidence of defendant's guilt was "overwhelming." Applying the appropriate standards to our review of the evidence, a reasonable inference is that defendant did, indeed, possess cocaine with the intent to deliver, and not as a mere casual user. I would affirm the judgment of the circuit court of Will County.