THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
TERRY A. WELLS, Defendant-Appellant.

Third District   No. 3—92—0172

Opinion filed February 1, 1993.

William Keene, of Ottawa, for appellant.

Marshall E. Douglas, State's Attorney, of Rock Island (John X. Breslin and Lawrence Michael Kaschak, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE SLATER delivered the opinion of the court:

Following a jury trial, defendant Terry Wells was convicted of unlawful possession of cannabis (Ill. Rev. Stat. 1991, ch. 56½, par. 704(d)) and sentenced to a term of two years' conditional discharge. Defendant raises the following issues on appeal: (1) whether the trial court erred in denying defendant's motion to suppress evidence; (2) whether defendant was proved guilty beyond a reasonable doubt; (3) whether defendant was improperly charged with unlawful possession of cannabis; and (4) whether the trial court improperly instructed the jury. We affirm.

On the morning of September 28, 1991, the Illinois State Police, with the assistance of various local law enforcement agencies, con-

ducted a safety check roadblock on River Drive in Moline. At approximately 4 a.m., defendant and a friend, Joseph Hardy, were driving on River Drive when they were detained at the roadblock. Defendant was driving the car and Hardy was in the front seat on the passenger side. A police officer informed defendant that the police were conducting a roadside safety check and instructed defendant to pull off the road into a parking lot.

After defendant pulled into the parking lot, Deputies Boyd and Keim of the Rock Island County sheriff's department approached the vehicle to check for safety violations. Deputy Boyd approached on the passenger side and asked to see Hardy's driver's license. When he looked into the car, Boyd saw an open bottle of beer on the passenger side floorboard. Deputy Keim approached the car on the driver's side. He requested to see defendant's driver's license, and defendant informed him that he did not have one. Defendant and Hardy were instructed to step out of the car. As Deputy Boyd reached in the car to retrieve the beer bottle, he noticed a clear plastic bag on the floor which contained a green leafy substance he believed to be cannabis. He also discovered a brown paper bag containing the same substance. Deputy Boyd also detected the odor of fresh cannabis throughout the interior of the car. Upon further inspection, Boyd discovered what he believed to be pieces of cannabis scattered throughout the vehicle. Defendant and Hardy were placed under arrest and the automobile was impounded.

An inventory search of the vehicle was conducted at the Rock Island County sheriff's department. Two or three freshly harvested cannabis plants were found in the trunk of the vehicle. Defendant was convicted of unlawful possession of cannabis based on the plants found in the trunk.

We first address defendant's contention that the trial court erred in denying his motion to suppress the evidence found in the vehicle. Defendant contends that the safety check roadblock stop was an unreasonable seizure violative of the fourth amendment.

It is well settled that a fourth amendment "seizure" occurs when a vehicle is stopped at a roadblock or checkpoint. (*United States v. Martinez-Fuerte* (1976), 428 U.S. 543, 49 L. Ed. 2d 1116, 96 S. Ct. 3074.) The question is whether such seizures are reasonable under the fourth amendment.

Our supreme court addressed the constitutionality of roadblock stops in *People v. Bartley* (1985), 109 Ill. 2d 273, 486 N.E.2d 880. In *Bartley*, the court held that a temporary roadblock to check driver's licenses and to identify DUI offenders did not violate the fourth

amendment because the State had a compelling interest in reducing alcohol-related accidents which outweighed the minimal intrusion on motorists. The court set out certain factors to be considered in determining the constitutionality of the intrusion caused by such roadblocks, including: (1) the presence of procedural guidelines; (2) the absence of discretion in individual field officers; (3) some indication to the public of the official nature of the operation; and (4) selection of the site by supervisory personnel. *Bartley*, 109 Ill. 2d at 288-91, 486 N.E.2d at 887-88.

■ In the instant case, the operation of the roadblock met the requirements of *Bartley*. The record reflects that immediately prior to the establishment of the roadblock all of the officers involved attended a briefing where a State Police sergeant explained the procedures that were to be followed at the site. The purpose of the roadblock was to check for violations such as improper lighting, seat belt violations, and expired license plates and driver's licenses. The officers were also to be on the lookout for intoxicated drivers. According to a predetermined plan developed by the State Police, every other vehicle and any vehicle with some type of obvious violation were to be stopped. The officer in charge of determining which vehicles were stopped testified at the suppression hearing that defendant's vehicle was one of the "every other" vehicles which were to be stopped according to the predetermined policy. The official nature of the operation was indicated to the public by a large sign which read "State Police safety check" and a number of squad cars in the area with their mars lights illuminated. The average stop at the checkpoint for cars with no violations lasted from 30 seconds to one minute. Finally, the site for the roadblock had been selected by the State Police in advance.

The United States Supreme Court has also held a roadblock stop of vehicles to be a reasonable seizure under the fourth amendment. (*Michigan Department of State Police v. Sitz* (1990), 496 U.S. 444, 110 L. Ed. 2d 412, 110 S. Ct. 2481.) In *Sitz*, all vehicles passing through a roadblock checkpoint were stopped and the drivers briefly examined for signs of intoxication. The court held that "the balance of the State's interest in preventing drunken driving *** and the degree of intrusion upon individual motorists who are briefly stopped, weighs in favor of the State program. We therefore hold that it is consistent with the Fourth Amendment." (*Sitz*, 496 U.S. at 455, 110 L. Ed. 2d at 423, 110 S. Ct. at 2488.) Accordingly, in light of *Bartley* and *Sitz*, we find that the roadblock stop in this case was a reasonable seizure and did not violate the fourth amendment.

.

Defendant also appears to argue that the police lacked probable cause to search the vehicle at the roadblock stop. A warrantless search of an automobile is permissible where there is probable cause to believe that the vehicle contains contraband. (*People v. Penny* (1989), 188 Ill. App. 3d 499, 544 N.E.2d 1015.) Probable cause exists where the totality of the facts and circumstances known to the officer at the time of the search would justify a reasonable person in believing that contraband was present in the vehicle. *People v. Clark* (1982), 92 Ill. 2d 96, 440 N.E.2d 869.

■ Once Deputy Boyd observed the beer bottle on the floor of the car, he had probable cause to enter the vehicle to retrieve the contraband. Upon doing so, he detected a strong odor of cannabis. He also observed two bags containing a substance he believed to be cannabis. These observations gave Deputy Boyd probable cause to search the entire vehicle. *People v. Schrems* (1992), 224 Ill. App. 3d 988, 586 N.E.2d 1337; *People v. Strong* (1991), 215 Ill. App. 3d 484, 574 N.E.2d 1271.

■ We note that even if we were to find that Deputy Boyd lacked probable cause to search the vehicle, our disposition of this issue would be the same since the evidence upon which defendant was convicted was not obtained during Deputy Boyd's search, but rather, was discovered during a proper inventory search of the vehicle following defendant's arrest for driving without a valid license. We therefore find that the trial court properly denied defendant's motion to suppress evidence.

Defendant next argues that he was not proven guilty beyond a reasonable doubt. He contends that the State failed to present competent evidence to establish that he had knowledge of the contents of the trunk of the vehicle he was driving. When presented with a challenge to the sufficiency of the evidence, a reviewing court examines the evidence in the light most favorable to the prosecution, and the relevant question is whether any rational trier of fact could have found the defendant guilty beyond a reasonable doubt. *People v. Collins* (1985), 106 Ill. 2d 237, 478 N.E.2d 267.

■ To support a conviction for unlawful possession of cannabis, the State must prove that the defendant had knowledge of the substance and that it was under his immediate and exclusive control. (*People v. Rouser* (1990), 199 Ill. App. 3d 1062, 557 N.E.2d 928.) Possession may either be actual or constructive. (*People v. Briggs* (1983), 112 Ill. App. 3d 979, 446 N.E.2d 305.) Constructive possession exists when there is no personal present dominion over the drugs, but there is an intent and a capacity to maintain control and dominion over

them. (*People v. Eiland* (1991), 217 Ill. App. 3d 250, 576 N.E.2d 1185.) Possession may be joint or shared and yet still be exclusive. (*People v. Stupka* (1992), 226 Ill. App. 3d 567, 589 N.E.2d 1068.) The discovery of drugs in a vehicle under defendant's control and in a place where he could have been, or should have been, aware of them gives rise to an inference of knowledge and possession which may be sufficient to sustain a conviction for unlawful possession. (*Eiland*, 217 Ill. App. 3d 250, 576 N.E.2d 1185.) Knowledge and control are questions of fact to be determined by the trier of fact, and its decision will not be disturbed unless the evidence is so palpably contrary to the verdict, or so unreasonable, improbable or unsatisfactory as to create a reasonable doubt of guilt. *People v. Songer* (1992), 229 Ill. App. 3d 901, 594 N.E.2d 405.

■ At trial, the State presented the testimony of Joseph Hardy to establish that defendant had knowledge of the cannabis in the trunk of the vehicle. Hardy testified that on the night of September 27, he was with the defendant at defendant's house. Defendant borrowed a car from a friend so that he and Hardy could go to a bar in East Moline. Hardy testified that when they left defendant's house, defendant told Hardy that he was going to pick some cannabis and make some money. Defendant then drove to the John Deere Expressway. Upon reaching the expressway, defendant told Hardy that he was stopping to pick some cannabis. The defendant got out of the car and went to the side of the road and did not return for 10 to 15 minutes. When defendant returned to the car, he told Hardy that he had cannabis. Hardy testified that some of the cannabis was brought into the passenger area by the defendant. Hardy did not know if the defendant opened the trunk of the car; however, he stated that the defendant "didn't get in the front with it." Hardy and the defendant then went to a bar in East Moline. They later left the bar and were on their way to defendant's girlfriend's house when they were stopped at the roadblock. Hardy was with the defendant from the time they obtained the car from defendant's friend until the time they were stopped at the roadblock.

Defendant testified on his own behalf. He stated that he did not pick any cannabis and never looked inside the trunk of the vehicle. Defendant stated that he was unaware of the beer bottle, did not know the alleged bag of cannabis was on the floorboard of the vehicle, and noticed no cannabis spread throughout the vehicle. He stated that the cannabis could have been inside the car before it was borrowed. Defendant suggested Hardy may have picked the cannabis from a ditch behind the bar in East Moline.

In deciding whether defendant had knowledge of the cannabis in the trunk, the jury was essentially faced with a credibility question. The jury chose to believe Hardy instead of the defendant. Weighing the testimony and determining the credibility of the witnesses are exclusively within the province of the jury (*People v. Acklin* (1990), 208 Ill. App. 3d 616, 567 N.E.2d 525), and we cannot say that the jury's findings in this case were so unreasonable, improbable or unsatisfactory as to create a reasonable doubt of defendant's guilt (*Rouser*, 199 Ill. App. 3d 1062, 557 N.E.2d 928). When viewed in the light most favorable to the prosecution, we believe the evidence presented was sufficient to support defendant's conviction.

■ Defendant next argues that he was improperly charged with unlawful possession of cannabis, a Class 4 felony (Ill. Rev. Stat. 1991, ch. 56½, par. 704(d)). He contends that he should have been charged with unlawful possession of the Cannabis sativa plant, a Class A misdemeanor (Ill. Rev. Stat. 1991, ch. 56½, par. 708(a)), because the evidence consisted of three freshly picked cannabis plants which had not yet been "processed." Initially, we note that a defendant may be found guilty of possession of cannabis regardless of whether or not the cannabis is "processed," *i.e.*, dried out and removed from the stem. (See *People v. Elam* (1976), 39 Ill. App. 3d 705, 350 N.E.2d 832.) Therefore, defendant could have been charged with either possession of cannabis or possession of the Cannabis sativa plant or both. See *People v. O'Mahoney* (1988), 169 Ill. App. 3d 194, 523 N.E.2d 635.

The State's Attorney is vested with exclusive discretion in the initiation and management of a criminal prosecution (*People ex rel. Davis v. Vazquez* (1982), 92 Ill. 2d 132, 441 N.E.2d 54), and that discretion includes the decision as to which of several charges shall be brought (*People v. Pankey* (1983), 94 Ill. 2d 12, 445 N.E.2d 284). Our supreme court has held that where criminal conduct is prohibited by two different statutes, which provide different penalties, there is no constitutional problem in the prosecution of a defendant under the statute which provides a greater penalty. (*People v. McCollough* (1974), 57 Ill. 2d 440, 313 N.E.2d 462; *People v. Keegan* (1971), 52 Ill. 2d 147, 286 N.E.2d 384.) Accordingly, we find that defendant was properly charged with unlawful possession of cannabis.

Finally, defendant argues that the trial court improperly instructed the jury. The trial judge gave the following instruction defining possession:

"Possession may be actual or constructive. A person has actual possession when he has immediate and exclusive control

over a thing. A person has constructive possession when he lacks actual possession of a thing but he has both the power and the intention to exercise control over a thing either directly or through another person.

If two or more persons share the immediate and exclusive control or share the intention and the power to exercise control over a thing, then each person has possession."

The State tendered the first paragraph of the instruction only. The trial judge added the second paragraph on his own motion. The judge stated that the jury "could conclude they're [defendant and Hardy] both in it together even though they both deny it." Defendant contends that the second paragraph should not have been given because the State's theory of the case was that the defendant possessed the cannabis solely.

■■ The instruction as given was taken verbatim from the Illinois Pattern Jury Instructions. (Illinois Pattern Jury Instructions, Criminal, No. 4.16 (3d ed. 1992)), and has been found to accurately state the law regarding the definition of possession (*People v. Rentsch* (1988), 167 Ill. App. 3d 368, 521 N.E.2d 213). It is within the discretion of the trial court to determine which instructions to render to the jury (*People v. Dower* (1991), 218 Ill. App. 3d 844, 578 N.E.2d 1153), and a trial judge may, *sua sponte*, instruct the jury irrespective of whether either party submits instructions or the defendant objects to their presentment to the jury (*People v. Sinnott* (1992), 226 Ill. App. 3d 923, 590 N.E.2d 502). The jury may be instructed as to any theory of the case that may be reasonably inferred from the facts. (*People v. Carlson* (1992), 224 Ill. App. 3d 1034, 586 N.E.2d 1368.) We agree with the trial court that the jury in this case could reasonably have found that both the defendant and Hardy possessed the cannabis. The trial court properly included the paragraph concerning joint or shared possession in the instruction.

For the reasons stated above, the judgment of the circuit court of Rock Island County is affirmed.

Affirmed.

McCUSKEY, P.J., and STOUDER, J., concur.