THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. MICHAEL TAYLOR, Defendant-Appellee.

Third District    No. 3—93—0541

Opinion filed March 22, 1994.

James Glasgow, State's Attorney, of Joliet (John X. Breslin and Robert M. Hansen, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Daniel O'Connell, of Joliet, for appellee.

JUSTICE McCUSKEY delivered the opinion of the court:

The defendant, Michael Taylor, was charged with driving after the revocation of his driver's license (Ill. Rev. Stat. 1991, ch. 95$^1$/$_2$, par. 6—303(a)), as a result of his vehicle being stopped at a roadblock in the City of Crest Hill, Illinois. The purpose of the roadblock was to check motor vehicles for city vehicle stickers. The defendant moved to quash his arrest and to suppress evidence, claiming that his fourth amendment rights had been violated. The trial court granted the motion and concluded that the roadblock was in excess of the police powers of the city. The State appeals, and we reverse and remand for further proceedings.

The stipulated evidence established that Sergeant Manley of the Crest Hill police department would testify that on June 18, 1991, at approximately 6 a.m., he was conducting a roadblock at the 1600 block of Arbor Drive to check for city vehicle stickers. According to Manley, the defendant pulled his vehicle up to the roadblock, and Manley asked to see his driver's license. When the defendant was unable to produce a driver's license, Manley ran the defendant's name and date of birth through the Illinois Secretary of State's license registration computer. From this source, Manley learned that the defendant's driver's license was revoked. He then arrested the defendant.

The trial court found the defendant had been illegally stopped because the roadblock was "intended to enforce the purchase of [city] stickers which is a purpose outside of the police powers of the [city]." Accordingly, the court granted the motion to quash arrest and suppress evidence. On appeal, the State argues that the roadblock was not an abuse of police power. Therefore, the State contends the defendant was properly arrested. We agree.

█ It is well established that a fourth amendment "seizure" occurs

when a vehicle is stopped at a roadblock or checkpoint. (*Michigan Department of State Police v. Sitz* (1990), 496 U.S. 444, 450, 110 L. Ed. 2d 412, 420, 110 S. Ct. 2481, 2485.) The question of whether such a seizure violates the fourth amendment is essentially one of reasonableness. (*Sitz*, 496 U.S. at 450, 110 L. Ed. 2d at 420, 110 S. Ct. at 2485; *People v. Bartley* (1985), 109 Ill. 2d 273, 280, 486 N.E.2d 880.) Whether a seizure is reasonable or not under the fourth amendment is determined by balancing the public interest involved in the roadblock against the objective and subjective intrusion resulting from the roadblock. *Bartley*, 109 Ill. 2d at 285, 486 N.E.2d 880.

The initial question on review is whether a public interest existed that allowed the Crest Hill police to stop the defendant's vehicle at the roadblock. Here, the trial court concluded that the purpose of the roadblock was in excess of the police powers of the city. The court determined there was no public interest in enforcing the purchase of city vehicle stickers. We disagree.

■ Municipalities pass ordinances requiring the purchase of motor vehicle stickers in order to collect revenue. A portion of this revenue is used to pay for the municipalities' governmental services. If municipalities are unable to enforce their revenue ordinances, then, as a consequence, they will not have sufficient income to provide essential governmental services. Accordingly, we conclude that there is a valid public interest in enforcing a municipal revenue ordinance which requires the purchase of motor vehicle stickers.

The defendant contends that this public interest was not sufficient to justify the use of a means of enforcement as intrusive as a roadblock. The defendant notes that the city's ordinance requiring the purchase of vehicle stickers could be enforced "by ticketing cars parked on the street, by posting or mailing notice and by issuing tickets as the result of legitimate traffic stops."

However, the United States Supreme Court recently stated, in discussing the propriety of sobriety checkpoints:

"[F]or purposes of Fourth Amendment analysis, the choice among *** reasonable alternatives remains with the governmental officials who have a unique understanding of, and a responsibility for, limited public resources, including a finite number of police officers." (*Sitz*, 496 U.S. at 453-54, 110 L. Ed. 2d at 422, 110 S. Ct. at 2487.)

Therefore, we conclude that, while there may be less intrusive alternatives than a roadblock to achieve the public interest involved here, that fact does not automatically mean the use of a roadblock is unreasonable.

■ Normally, our next task on review would be to balance the public interest involved in a roadblock against the objective and

subjective intrusion resulting to citizens whose vehicles are briefly detained at the checkpoint. The factors to be considered in measuring the level of intrusion produced by a roadblock are: (1) the absence of unfettered discretion on the part of individual officers; (2) the presence of procedural guidelines; (3) a decision made by supervisory personnel to establish the roadblock; (4) the selection of the site by supervisory personnel; (5) the systematic stopping of vehicles; (6) a sufficient showing of official authority; and (7) advance publicity. *People v. Little* (1987), 162 Ill. App. 3d 6, 10, 515 N.E.2d 846, citing *Bartley*, 109 Ill. 2d at 289-91.

Ordinarily, the factors listed above would be carefully scrutinized by a reviewing court in a case like this where the public interest involved in a vehicle sticker roadblock is concededly less important than a roadblock to check for the sobriety of drivers (see *Sitz*, 496 U.S. at 455, 110 L. Ed. 2d at 423, 110 S. Ct. at 2487-88; *Bartley*, 109 Ill. 2d at 292) or vehicle safety (see *People v. Wells* (1993), 241 Ill. App. 3d 141, 144, 608 N.E.2d 578; *Little*, 162 Ill. App. 3d at 10-11).

■ However, the parties in this case stipulated to the evidence that was presented to the trial court. The stipulated evidence did not include any information concerning the decision to establish the roadblock in Crest Hill or a recitation of any of the procedural guidelines to be followed by the officers who conducted the roadblock. The State notes that there was no evidence presented by the parties which showed any police impropriety in arranging or conducting the roadblock. The State further notes that, in a motion to quash arrest and suppress evidence, the burden of proof is on the defendant. (See Ill. Rev. Stat. 1991, ch. 38, par. 114—12(b).) Consequently, the State argues that the defendant did not prove that the roadblock conducted by the Crest Hill police was impermissibly intrusive. The defendant concedes that this question was never reached by the trial court and need not be considered by this court.

Accordingly, the only question we have before us is whether a public interest existed for the Crest Hill police to conduct a road-block that examined vehicles for city stickers. Because we have already answered that question in the affirmative, the trial court's order granting the defendant's motion to quash arrest and suppress evidence must be reversed.

For the reasons indicated, the judgment of the circuit court of Will County is reversed, and the cause is remanded for further proceedings regarding the charge pending against the defendant.

Order reversed and cause remanded.

SLATER, P.J., and STOUDER, J., concur.