THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. DAVID EDWARDS, Defendant-Appellee.

Third District    No. 3—95—0673

Opinion filed November 27, 1996.

HOLDRIDGE, P.J., dissenting.

James Glasgow, State's Attorney, of Joliet (John X. Breslin and Robert M. Hansen, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Frank P. Andreano, of Joliet, for appellee.

JUSTICE LYTTON delivered the opinion of the court:

The defendant, David Edwards, was charged with driving without a seat belt (625 ILCS 5/12—603.1 (West 1994)), driving under the influence of alcohol (625 ILCS 5/11—501(a)(2) (West 1994)), driving

with a blood-alcohol concentration of .10 or more (625 ILCS 5/11—501(a)(1) (West 1994)), and operation of an uninsured motor vehicle (625 ILCS 5/3—707 (West 1994)). Following a hearing, the trial court granted the defendant's combined motion to suppress evidence, quash arrest, and rescind his statutory summary suspension. The State appeals. We reverse and remand for further proceedings.

The bystander's report indicates that the defendant's automobile was stopped at a planned, staged, safety-check roadblock administered by the Romeoville police department. The roadblock channelled every tenth vehicle through the roadside safety check. That car would then be checked for safety violations. If the vehicle had no equipment violations or other obvious problems, it was allowed to proceed. However, if any equipment or other violations were observed, a police officer would direct the vehicle to another staging area where the vehicle would be inspected more closely.

Romeoville police officer Michael Ramaglia testified that on May 26, 1995, at approximately 8 p.m., the defendant's vehicle was stopped because it was the tenth vehicle traveling through the roadblock. Another officer noticed that the defendant was not wearing a seat belt. Based on this violation, the defendant was directed to the second staging area. Ramaglia stated that at this area, the defendant was asked for proof of a valid driver's license and insurance. While in the second area, Ramaglia obtained evidence that the defendant was driving under the influence of alcohol. The defendant was then arrested for that offense.

The trial court granted the defendant's combined motion. It later denied the State's motion to reconsider and found that the defendant was detained because of his failure to wear a seat belt, in violation of Illinois law. 625 ILCS 5/12—603.1 (West 1994).

On appeal, the State argues that the trial court erred in granting the defendant's motion. Specifically, it contends that the defendant was initially stopped at a constitutionally proper roadblock and therefore was not stopped solely on the basis of a violation of the seat belt law. We agree.

In Illinois, the seat belt law provides:

"No motor vehicle, or driver or passenger of such vehicle, shall be stopped or searched *** solely on the basis of a violation or suspected violation of this Section." 625 ILCS 5/12—603.1(e) (West 1992).

It is well settled that a fourth amendment "seizure" occurs when an automobile is stopped at a roadblock or checkpoint. *United States v. Martinez-Fuerte*, 428 U.S. 543, 49 L. Ed. 2d 1116, 96 S. Ct. 3074 (1976). Nevertheless, a roadblock stop of vehicles is permissible under

the fourth amendment because the State's interest in highway safety outweighs the minimal privacy intrusion on motorists. *Michigan Department of State Police v. Sitz*, 496 U.S. 444, 110 L. Ed. 2d 412, 110 S. Ct. 2481 (1990). We have followed this reasoning in upholding stops to check for safety violations. *People v. Wells*, 241 Ill. App. 3d 141, 608 N.E.2d 578 (1993).

Here, the defendant was "seized" when his vehicle was stopped at the initial checkpoint. At that point, the police were stopping every tenth vehicle on the roadway regardless of whether the driver had violated any statutes. The defendant was stopped pursuant to a proper roadblock rather than the seat belt violation. The defendant's dispatch to the second staging area because of the seat belt violation was an extension of the original seizure. The defendant was not stopped "solely on the basis of a violation" of the seat belt law (see 625 ILCS 5/12—603.1(e) (West 1994)). Thus, he was properly detained.

Additionally, we note that our interpretation is consistent with the legislative history of section 12—603.1(e). The legislative debates on this statute indicate that the primary purpose of adding section 12—603.1(e) was to curtail what legislators saw as officers harassing motorists for not wearing a seat belt, particularly when trying to generate additional revenue for the community. 85th Ill. Gen. Assem., House Proceedings, June 24, 1987, at 230, 231 (statements of Representatives Weaver and Rea). The amendment was not intended to prevent a police officer from further detaining a motorist who was not wearing a seat belt after an otherwise lawful stop.

The judgment of the circuit court of Will County is reversed, and the cause is remanded for further proceedings.

Reversed and remanded.

MICHELA, J., concurs.

PRESIDING JUSTICE HOLDRIDGE, dissenting:

I respectfully dissent. The issue in this cause is not whether sending the defendant to the second staging area was part of a valid fourth amendment "seizure," as the majority holds. Rather, the issue is whether sending the defendant to the second staging area solely because he was not wearing his seat belt violated section 12—603.1 of the Illinois vehicle equipment law (the statute). 625 ILCS 5/12—603.1 (West 1992). I believe that by doing so the police violated the clear and unambiguous intent of the statute, and I would affirm the trial court on that basis.

While I agree with the majority's conclusion that the defendant

4

was *stopped* pursuant to a proper road block rather than a seat belt violation and that, therefore, he was not *stopped* "solely on the basis of a violation of the seat belt law," the analysis cannot end there. The statute provides in relevant part:

> "No motor vehicle, or driver or passenger of such vehicle, shall be stopped *or* searched *** solely on the basis of a violation or suspected violation of this Section." (Emphasis added.) 625 ILCS 5/12—603.1 (West 1992).

The statute does not permit an individual to be "stopped *or* searched" based upon a violation of this statute, thus clearly using the verbs in the disjunctive. While disjunctive words (such as "or") and conjunctive words (such as "and") are sometimes misused by legislators, "the literal meaning of these terms should be followed unless it renders the statute inoperable or the meaning becomes questionable." 1A N. Singer, Sutherland on Statutory Construction § 21.14, at 9 (5th ed. Supp. 1995); *Advincula v. United Blood Services*, 274 Ill. App. 3d 573, 581 (1995).

Section 12—603.1 does not become inoperable or of questionable meaning by interpreting it literally to mean that an individual cannot be stopped *or* searched based upon the failure to wear a seat belt. In this matter, it is uncontroverted that the defendant was dispatched to the second staging area *and searched* because of the seat belt violation. Thus, although he was not *stopped* based upon his failure to wear his seat belt, he was certainly *searched* based upon that violation.

Because I would find that the defendant was searched based upon his failure to wear his seat belt, a search which was in violation of section 12—603.1 of the statute, I would affirm the trial court.

For the reasons discussed, I respectfully dissent.