No. 3--95--0673

_________________________________________________________________

                              IN THE

                              APPELLATE COURT OF ILLINOIS

                              THIRD DISTRICT

                              A.D., 1996

THE PEOPLE OF THE STATE         )  Appeal from the Circuit Court

OF ILLINOIS,                    )  of the 12th Judicial Circuit,

                                )  Will County, Illinois

     Plaintiff-Appellant,       )  

                                )

     v.                         )  No. 95--DT--32553

                                )  

DAVID EDWARDS,                  )  Honorable

                                )  Gilbert Niznik

     Defendant-Appellee.        )  Judge, Presiding

_________________________________________________________________

JUSTICE LYTTON delivered the opinion of the court:

_________________________________________________________________

                         The defendant, David Edwards, was charged with driving without

a seat belt (625 ILCS 5/12--603.1 (West 1994)), driving under the

influence of alcohol (625 ILCS 5/11--501(a)(2) (West 1994)),

driving with a blood-alcohol concentration of .10 or more (625 ILCS

5/11--501(a)(1) (West 1994), and operation of an uninsured motor

vehicle (625 ILCS 5/3--707 (West 1994)).  Following a hearing, the

trial court granted the defendant's combined motion to suppress

evidence, quash arrest, and rescind his statutory summary suspen-

sion.  The State appeals.  We reverse and remand for further pro-

ceedings.

     The bystander's report indicates that the defendant's

automobile was stopped at a planned, staged, safety-check roadblock

administered by the Romeoville police department.  The roadblock

channelled every tenth vehicle through the roadside safety check. 

That car would then be checked for safety violations.  If the

vehicle had no equipment violations or other obvious problems, it

was allowed to proceed.  However, if any equipment or other

violations were observed, a police officer would direct the vehicle

to another staging area where the vehicle would be inspected more

closely.  

     Romeoville police officer Michael Ramaglia testified that on

May 26, 1995, at approximately 8 p.m., the defendant's vehicle was

stopped because it was the tenth vehicle traveling through the

roadblock.  Another officer noticed that the defendant was not

wearing a seat belt.  Based on this violation, the defendant was

directed to the second staging area.  Ramaglia stated that at this

area, the defendant was asked for proof of a valid driver's license

and insurance.  While in the second area, Ramaglia obtained evi-

dence that the defendant was driving under the influence of

alcohol.  The defendant was then arrested for that offense. 

     The trial court granted the defendant's combined motion.  It

later denied the State's motion to reconsider and found that the

defendant was detained because of his failure to wear a seat belt,

in violation of Illinois law.  625 ILCS 5/12--603.1 (West 1994).  

     On appeal, the State argues that the trial court erred in

granting the defendant's motion.  Specifically, it contends that

the defendant was initially stopped at a constitutionally proper

roadblock and therefore was not stopped solely on the basis of a

violation of the seat belt law.  We agree.

     In Illinois, the seat belt law provides that:  

             "No motor vehicle, or driver or passenger

          of such vehicle, shall be stopped or searched

          *** solely on the basis of a violation or sus-

          pected violation of this Section."  625 ILCS

          5/12--603.1 (West 1992).

     It is well settled that a fourth amendment "seizure" occurs

when an automobile is stopped at a roadblock or checkpoint.  United

States v. Martinez-Fuerte, 428 U.S. 543, 49 L. Ed. 2d 1116, 96 S.

Ct. 3074 (1976).  Nevertheless, a roadblock stop of vehicles is

permissible under the fourth amendment because the State's interest

in highway safety outweighs the minimal privacy intrusion on

motorists.  Michigan Department of State Police v. Sitz, 496 U.S.

444, 110 L. Ed. 2d 412, 110 S. Ct. 2481 (1990).  We have followed

this reasoning in upholding stops to check for safety violations. 

People v. Wells, 241 Ill. App. 3d 141, 608 N.E.2d 578 (1993).

     Here, the defendant was "seized" when his vehicle was stopped

at the initial checkpoint.  At that point, the police were stopping

every tenth vehicle on the roadway regardless of whether the driver

had violated any statutes.  The defendant was stopped pursuant to

a proper roadblock rather than the seat belt violation.  The

defendant's dispatch to the second staging area because of the seat

belt violation was an extension of the original seizure.  The

defendant was not stopped "solely on the basis of a violation" of

the seat belt law (see 625 ILCS 5/12--603.1(e) (West 1994).  Thus,

he was properly detained.

     Additionally, we note that our interpretation is consistent

with the legislative history of section 603.1(e).  The legislative

debates on this statute indicate that the primary purpose of adding

section 603.1(e) was to curtail what legislators saw as officers

harassing motorists for not wearing a seat belt, particularly when

trying to generate additional revenue for the community. 85th Ill.

Gen. Assem., House Proceedings, June 24, 1987, at 230, 231

(statements of Representatives Weaver and Rea).  The amendment was

not intended to prevent a police officer from further detaining a

motorist who was not wearing a seat belt after an otherwise lawful

stop. 

     The judgment of the circuit court of Will County is reversed,

and the cause is remanded for further proceedings.

     Reversed and remanded.

     MICHELA, J., concurs.

     HOLDRIDGE, P.J., dissents.

     PRESIDING JUSTICE HOLDRIDGE, dissenting:

     I respectfully dissent.  The issue in this cause is not

whether sending the defendant to the second staging area was part

of a valid fourth amendment "seizure," as the majority holds. 

Rather, the issue is whether sending the defendant to the second

staging area solely because he was not wearing his seat belt

violated Section 603.1 of the Illinois Vehicle Equipment Law (the

Statute).  625 ILCS 5/12--603.1 (West 1992).  I believe that by

doing so the police violated the clear and unambiguous intent of

the Statute, and I would affirm the trial court on that basis.

     While I agree with the majority's conclusion that the

defendant was stopped pursuant to a proper road block rather than

a seat belt violation, and that therefore he was not

stopped "solely on the basis of a violation of the seat belt law,"

the analysis cannot end there.  The Statute provides in relevant

part that:

       "No motor vehicle, or driver or passenger of such

       vehicle, shall be stopped or searched  *** solely

       on the basis of a violation or suspected violation

       of this Section."  (Emphasis added.)  625 ILCS

       5/12--603.1 (West 1992). 

          The statute does not permit an individual to be "stopped or

searched" based upon a violation of this statute, thus clearly

using the verbs in the disjunctive.  While disjunctive words (such

as "or") and conjunctive words (such as "and") are sometimes

misused by legislators, "the literal meaning of these terms should

be followed unless it renders the statute inoperable or the meaning

becomes questionable." Sutherland Statutory Construction § 21.14,

at 9 (Supp. 1995);  Advincula v. United Blood Services, 274 Ill.

App. 3d 573, 581 (1995).

      Section 603.1 does not become inoperable nor of questionable

meaning by interpreting it literally to mean that an individual

cannot be stopped or searched based upon the failure to wear a seat

belt.  In this matter, it is uncontroverted that the defendant was

dispatched to the second staging area and searched because of the

seat belt violation.  Thus, although he was not stopped based upon

his failure to wear his seat belt, he was certainly searched based

upon that violation.  

     Because I would find that the defendant was searched based

upon his failure to wear his seat belt, a search which was in

violation of Section 603.1 of the Statute, I would affirm the trial

court.   

     For the reasons discussed, I respectfully dissent.