NOTICE
Decision filed 04/15/24. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2024 IL App (5th) 220557-U

NO. 5-22-0557

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE
This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Randolph County. |
| | ) | |
| v. | ) | No. 21-CF-112 |
| | ) | |
| ANTONIO D. KENNEDY, | ) | Honorable |
| | ) | Richard A. Brown, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE WELCH delivered the judgment of the court.
Justices Moore and McHaney concurred in the judgment.

**ORDER**

¶ 1　*Held*: The defendant's conviction of possession of methamphetamine with intent to deliver is affirmed where the evidence was sufficient for a rational trier of fact to find each element of the offense beyond a reasonable doubt.

¶ 2　The defendant, Antonio Kennedy, appeals his conviction of possession of methamphetamine with intent to deliver. He argues that the State failed to prove beyond a reasonable doubt that he possessed, with intent to deliver, the methamphetamine recovered from the hidden compartment in Jodi Stout's truck. For the reasons that follow, we affirm.

¶ 3　　　　　　　　　　I. BACKGROUND

¶ 4　On April 27, 2021, the defendant was charged with one count of armed violence, a Class X felony, and one count of possession of a controlled substance with intent to deliver, a Class 1 felony. See 720 ILCS 5/33A-2(a) (West 2020); 720 ILCS 570/401(c)(1) (West 2020). On

1

November 29, 2021, the State amended the second charge to possession of methamphetamine with intent to deliver, a Class 1 felony. See 720 ILCS 646/55(a)(1) (West 2020). On December 20, 2021, this matter proceeded to a jury trial, and the defendant was found guilty on both counts. On January 6, 2022, the defendant filed a motion for judgment notwithstanding the verdict or a new trial concerning both convictions. On January 21, 2022, the motion was granted concerning the armed violence count, and that conviction was vacated. The defendant appeals his remaining conviction of possession of methamphetamine with intent to deliver.

¶ 5    The charges stemmed from a traffic stop which occurred on April 25, 2021. On that day, the defendant was stopped while driving a Chevy Avalanche truck because its registration light was out. Jodi Stout was in the passenger seat. Stout claimed she was in the process of buying the truck, although the registration still showed the truck as belonging to someone in Missouri. The officer conducting the traffic stop could smell cannabis coming from the vehicle, and when asked, the defendant said he had cannabis behind the driver's seat. The officer ordered the defendant and Stout out of the car and conducted a search of the car. During the search of the car, the officer found the cannabis the defendant had referred to, drug paraphernalia, money, loaded handguns, and baggies containing suspected controlled substances. Some of these items were found in Stout's purse, and some were found in a hidden console between the front seats. The officer arrested the defendant, who had a wad of cash in his pocket.

¶ 6    On December 20, 2021, this matter proceeded to a jury trial. At trial, the State's first witness was Officer John "Nick" Schweizer, who testified that, on April 25, 2021, at approximately 9:52 p.m., he observed a Chevy Avalanche truck with its registration light out. Based on that violation, Officer Schweizer conducted a traffic stop. Upon approaching the vehicle, Officer Schweizer observed that the defendant had been driving the vehicle and that Stout was in

2

the passenger seat. Officer Schweizer could also smell cannabis coming from the vehicle. Officer Schweizer advised the defendant that he could smell cannabis coming from the vehicle, and in response, the defendant stated that he did have some cannabis in the backseat behind the driver's seat. Officer Schweizer then had both occupants of the vehicle step out and conducted a search of the vehicle.

¶ 7    On the floorboard of the front passenger seat area, Officer Schweizer found Stout's purse. Inside the purse was a pipe, a wad of money, and around 20 baggies rolled up in a rubber band. In the middle of the two front seats, Officer Schweizer observed an empty cup holder and a console within. The console, which was loose to the touch and had been within arm's reach of the defendant before exiting the vehicle, "wasn't secured into the vehicle anymore, as they normally are hardened into there, and it pulled straight out." Officer Schweizer was able to grab and pull the console up with two fingers. Inside, he discovered a digital scale; two loaded firearms, a black and pink Ruger and a Springfield XD; two Crown Royal bags containing suspected controlled substances; around 20 baggies rolled up in the same manner as in Stout's purse; and several bags containing crystalline substance, capsule substance, and powdery brown substance. Officer Schweizer placed the defendant under arrest and found that the defendant had a wad of cash amounting to $465 in his front pocket.

¶ 8    Officer Schweizer testified that he had experience with people that use controlled substances, and that, in this case, "there was a fairly large amount" of controlled substances, "not normally used for one's personal use." Officer Schweizer testified that the vehicle was titled in Missouri, and Stout told him she was in the process of buying it. The defendant did not own the vehicle. Officer Schweizer admitted that, although Stout had at first denied knowing anything

3

about the guns or drugs, she later pled guilty in her case. Officer Schweizer also admitted that he had never seen a male with a pink firearm.

¶ 9    The State's second witness was Danielle Adair, a forensic scientist for the Illinois State Police who specialized in the field of drug chemistry and testified as an expert. Adair testified that, on July 21, 2021, she received a self-sealed evidence bag that had come to the laboratory for analysis. The self-sealed evidence bag contained one Ziploc bag containing crystalline substance. Adair weighed the crystalline substance to be 6.307 grams. She then performed various tests on the substance, which led her to conclude that the substance contained methamphetamine. Adair admitted she could not tell who possessed the methamphetamine. The State then rested.

¶ 10    At the close of the State's evidence, defense counsel motioned for a directed verdict, arguing that the State had not met its burden to prove all the essential elements of the crimes charged. The motion was denied. Defense counsel informed the court that counsel would not be presenting any evidence. The court confirmed with the defendant that he did not wish to testify, and the defense rested. The jury found the defendant guilty of armed violence and possession of methamphetamine with intent to deliver. On January 6, 2022, the defendant filed a motion for judgment notwithstanding the verdict or a new trial concerning both convictions. On January 21, 2022, the motion was granted concerning the armed violence count, and that conviction was vacated. On that same date, a sentencing hearing on the possession of methamphetamine with intent to deliver conviction was held, and the defendant was sentenced to eight years of imprisonment along with one year of mandatory supervised release. On July 7, 2022, the defendant filed a motion to reconsider and reduce sentence, which was denied due to the tardiness of the motion and the trial court's resulting lack of jurisdiction over the case. On August 29, 2022, the defendant filed a late notice of appeal, which was granted on October 14, 2022.

¶ 11                                II. ANALYSIS

¶ 12    On appeal, the defendant argues that the evidence in this case was insufficient to convict him of possession of methamphetamine with intent to deliver. We disagree.

¶ 13    When a defendant challenges the sufficiency of the evidence, the reviewing court must look at the evidence in the light most favorable to the prosecution and consider whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *People v. Pollock*, 202 Ill. 2d 189, 217 (2002). "When presented with a challenge to the sufficiency of the evidence, it is not the function of this court to retry the defendant." *People v. Collins*, 106 Ill. 2d 237, 261 (1985). The credibility of the witnesses, the weight to be given their testimony, and the resolution of any conflicts in the evidence are within the province of the trier of fact, and a reviewing court will not substitute its judgment for that of the trier of fact on these matters. *People v. Brooks*, 187 Ill. 2d 91, 131 (1999).

¶ 14    Following a finding of guilt, on review, all reasonable inferences in the record will be made in favor of the State. *People v. Cunningham*, 212 Ill. 2d 274, 280 (2004). So long as *any* rational trier of fact could have found guilt established beyond a reasonable doubt, it is irrelevant on review whether the reviewing court itself believes such guilt was proven. *Jackson*, 443 U.S. at 319. However, this deference to the trial court only extends to reasonable conclusions; if a court's conclusion is unreasonable, and "only one conclusion may reasonably be drawn from the record, a reviewing court must draw it even if it favors the defendant." *Cunningham*, 212 Ill. 2d at 280.

¶ 15    In this case, the defendant was charged with having "knowingly possessed more than five (5), but less than fifteen (15) grams, of a substance containing methamphetamine, with the intent to deliver the same." See 720 ILCS 646/55(a)(1) (West 2022). In order to convict, the State was required to prove beyond a reasonable doubt that (1) the defendant had knowledge of the presence

5

of methamphetamine, (2) the methamphetamine was in the defendant's immediate control and possession, and (3) the defendant intended to deliver the methamphetamine. See *People v. Minnieweather*, 301 Ill. App. 3d. 574, 578 (1998). Here, the defendant alleges that the State failed to prove all three elements beyond a reasonable doubt. We disagree.

¶ 16                              A. Possession of Methamphetamine

¶ 17    "The elements of possession and knowledge are rarely susceptible of direct proof, and these are questions for the trier of fact. The evidence at trial must be viewed in a light most favorable to the prosecution and the reviewing court should not substitute its judgment for the jury's when the evidence is conflicting." *People v. Beverly*, 278 Ill. App. 3d 794, 798 (1996); see also *People v. Wells*, 241 Ill. App. 3d 141, 146 (1993). "Possession may be either actual, requiring actual physical dominion, or constructive, from which possession may be inferred if the defendant had exclusive control over the premises where the controlled substance was found. [Citation.] The requirement of exclusive control does not mean that possession may not be joint." *People v. Roberts*, 263 Ill. App. 3d 348, 353 (1994). "The discovery of drugs in a vehicle under defendant's control and in a place where he could have been, or should have been, aware of them gives rise to an inference of knowledge and possession ***." *Wells*, 241 Ill. App. 3d at 146. In fact, "the issue of control is noncontroversial in the great majority of cases where a defendant is stopped while actually driving a vehicle" and "direct evidence of a defendant driving a vehicle is surely sufficient evidence of control." *People v. Bogan*, 2017 IL App (3d) 150156, ¶ 42.

¶ 18    Viewing the evidence in the light most favorable to the prosecution, it is clear that the State presented sufficient evidence for a rational trier of fact to conclude that the methamphetamine was in the defendant's immediate control and possession. It was undisputed that the defendant was driving the vehicle when it was stopped by Officer Schweitzer. The defendant acknowledged that

6

his legal possession of cannabis was stored in the vehicle, in the backseat, showing that he was comfortable enough with the vehicle to store his drugs inside. Additionally, Officer Schweizer testified that the console where the illegal drugs and guns were found was only an arm's length away from the defendant, and that the console, although hidden, was easily accessible due to its looseness within the cup holder. The contraband also came in pairs of twos: two guns, two wads of cash, two Crown Royal bags containing controlled substances, two sets of rolled-up baggies in rubber bands; and there were two people inside the car. Presented with this evidence, the jury was entitled to find that the defendant constructively possessed the methamphetamine found in the vehicle.

¶ 19                              B. Knowledge of Methamphetamine

¶ 20    The defendant also argues that the evidence presented at trial was insufficient for any rational trier of fact to find beyond a reasonable doubt that he had knowledge of the presence of methamphetamine in the vehicle.

¶ 21    "Because of the difficulty in proving knowledge, when actual or constructive possession is established, generally the element of knowledge can be inferred from the surrounding circumstances." *Roberts*, 263 Ill. App. 3d at 352. "[O]ne's knowledge of contraband may be *** inferred from one's control over the area in which the contraband is found." *Bogan*, 2017 IL App (3d) 150156, ¶ 29; see also *Minnieweather*, 301 Ill. App. 3d. at 578; *People v. Nettles*, 23 Ill. 2d 306, 308-09 (1961). Additionally, the precise location of the evidence found in the vehicle "gives rise to an independent inference of knowledge." *Bogan*, 2017 IL App (3d) 150156, ¶ 47.

¶ 22    Here, where the evidence was sufficient to prove beyond a reasonable doubt that the defendant constructively possessed the methamphetamine in the vehicle, we conclude that the same evidence was sufficient to prove the defendant's knowledge of that methamphetamine.

¶ 23                                 C. Intent to Deliver

¶ 24    "Because direct evidence of intent to deliver is rare, such intent must usually be proven by circumstantial evidence." *People v. Robinson*, 167 Ill. 2d 397, 408 (1995). "The Illinois Supreme Court has set forth seven factors probative of intent to deliver: (1) possession of a quantity too large to be for personal consumption; (2) purity of the drug; (3) possession of weapons; (4) possession of large amounts of cash; (5) possession of police scanners, beepers, or cellular phones; (6) possession of drug paraphernalia; and (7) packaging." *People v. Pittman*, 2014 IL App (1st) 123499, ¶ 16; see also *Robinson*, 167 Ill. 2d at 408.

¶ 25    In this case, Officer Schweitzer testified that he had experience with people that use controlled substances, and that, here, "there was a fairly large amount" of controlled substances, "not normally used for one's personal use." It was undisputed that two loaded handguns were found in the vehicle's front middle console. Upon his arrest, the defendant was searched and found to have $465 in cash on his person, an amount of cash that may reasonably be seen as "large." A digital scale and around 20 baggies rolled up in a rubber band were found, along with the drugs and the guns, in the vehicle's front middle console. It is clear that the evidence presented at trial was sufficient for a rational trier of fact to find beyond a reasonable doubt that the defendant intended to deliver the methamphetamine found in the vehicle.

¶ 26    We therefore conclude that, given the evidence presented, a rational trier of fact could have found beyond a reasonable doubt that the defendant was guilty of possession of methamphetamine with intent to deliver. Thus, we determine that the defendant's sufficiency of the evidence claim fails.

¶ 27                                    III. CONCLUSION

¶ 28    As a rational trier of fact could have found beyond a reasonable doubt that the defendant was guilty of possession of methamphetamine with intent to deliver, the evidence is sufficient to support a guilty verdict. Accordingly, the judgment of the circuit court of Randolph County is affirmed.


¶ 29    Affirmed.