SECOND DIVISION
May 22, 2007

No. 1-05-3123

| | |
|---|---|
| *In re* MALCOLM H., a Minor ) | |
| ) | Appeal from the |
| (The People of the State of Illinois, ) | Circuit Court of |
| ) | Cook County. |
| Petitioner-Appellee, ) | |
| ) | |
| v. ) | |
| ) | |
| Malcolm H., a Minor, ) | Honorable |
| ) | Marianne Jackson, |
| Respondent-Appellant). ) | Judge Presiding. |

JUSTICE SOUTH delivered the opinion of the court:

Minor respondent Malcolm H. appeals from an order of the circuit court of Cook County adjudicating him delinquent of battery and placing him on probation for one year. On appeal, respondent challenges the sufficiency of the evidence to sustain the delinquency determination made by the court.

The State filed a petition for adjudication of wardship alleging that respondent was delinquent based on his commission of aggravated battery and aggravated assault against two school employees, Verthola Webb and Victor Martin, on school grounds. At the adjudicatory hearing, the State amended the petition to add a third count of simple battery against Martin, then presented testimony from the two alleged victims.

Verthola Webb testified that on October 8, 2004, she was employed as a security monitor at Frederick Douglass Junior High

School, which was located at 543 North Waller Street in Chicago. That morning, Webb saw respondent in the hallway with two other students and instructed them to go to class. She asked respondent if he had received his new class schedule and attempted to take him to retrieve it, but respondent was uncooperative and told her that she had "no business approaching him." Respondent began swearing at her, and Webb felt that he had threatened her life.

While Webb and respondent were arguing, Dr. Tawana Ewing, the assistant principal, came out of her office and attempted to quiet respondent. Respondent, however, continued his verbal threats and stated that "some people are going to come up dead." At that point, Webb saw Officer Victor Martin and told him that she wanted respondent arrested. When Officer Martin told respondent that they were going to the discipline office, respondent walked in front of him, and Webb observed respondent hit Officer Martin in the rib cage with his elbow.

Officer Martin testified that on the day in question, he was employed by the board of education as a security supervisor at the school. He then provided his star number and described the uniform he was wearing that day as a blue jacket with "Board of Education" and Chicago Public School (CPS) security labels on the front and back. After Webb approached him, Officer Martin attempted to escort respondent to the discipline office, but respondent refused to accompany him. After they argued for a few

minutes, respondent got up from the table where he was sitting. Officer Martin escorted respondent to the office, holding respondent's jacket while respondent protested.

When they reached the office, respondent knocked Officer Martin's hands off of him by hitting the officer with his elbows. When Officer Martin informed respondent that he was going to arrest him for battery, respondent attempted to resist arrest by raising his hands in the air and knocking Officer Martin's hands away from him. Officer Martin handcuffed one of respondent's hands, and respondent used his free hand to grab Officer Martin's throat. After respondent let go of his throat, Officer Martin was able to subdue respondent.

The defense called Dr. Ewing as a witness. She testified that she was the assistant principal at the school, and on the day in question, heard respondent and Webb arguing. She called respondent over to a table to speak with him, and while they were talking, Officer Martin came over to take respondent to the discipline office. As the three of them walked there, Dr. Ewing did not see respondent hit Officer Martin. When they reached the office, respondent wanted to enter the office on his own, and Officer Martin tried to handcuff him. Respondent stated that he had not done anything to be handcuffed, and a "wrestling match" ensued. Dr. Ewing did not see respondent grab Officer Martin's neck, but also testified that for a brief time, she stepped outside the office to call security and did not see the

altercation.

Officer Craig Williams testified that on the day in question, he went to the school on a complaint that a student had battered an officer and assaulted a teacher. He also testified that he created a police report of the incident.

Respondent testified that on the day in question, he argued with Webb and then spoke with Dr. Ewing for 15 minutes. Officer Martin approached him while he was speaking with Dr. Ewing, grabbed him from the table, and tried to escort him to the discipline room. Respondent told him that he could walk to the room on his own, but Officer Martin continued to push him and "slammed" him three times against a table. Respondent denied grabbing Officer Martin by the throat or hitting him, but admitted he grabbed Officer Martin's shirt during the struggle.

After reviewing the evidence, the court found that a struggle had ensued as Officer Martin attempted to handcuff respondent and that respondent had knocked Officer Martin's hands off of him. The court noted that respondent had placed his hands on Officer Martin while he was trying to resist arrest and that the officer's arrest was warranted given the manner in which respondent had behaved. Accordingly, the court found respondent delinquent of simple battery.

In this court, respondent claims that he was justified in his use of force in resisting his unlawful arrest by Victor Martin, a private citizen, who did not have reasonable grounds to

1-05-3123

believe he was committing a crime at the time that he attempted to handcuff him.  As a result, he claims that the State failed to prove him delinquent of battery beyond a reasonable doubt.

In making that argument, respondent contends that a *de novo* standard of review applies because the resolution of his claim does not entail any assessment of the credibility of witnesses or the weight of the evidence but only the determination of whether a set of facts was sufficient to meet the State's burden of proof.  We disagree.

The constitutional safeguard of proof beyond a reasonable doubt applies during the adjudicatory stage of juvenile delinquency proceedings.  In re Winship, 397 U.S. 358, 368, 25 L. Ed. 2d 368, 377-78, 90 S. Ct. 1068, 1075 (1970); In re Smith, 40 Ill. App. 3d 248, 252-53 (1976).  Since respondent essentially challenges the sufficiency of the evidence to sustain the court's delinquency determination, it is our responsibility to determine whether, after viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.  In re W.C., 167 Ill. 2d 307, 336 (1995).

In this case, respondent was delinquent of battery.  To sustain that determination, the evidence must show that respondent intentionally or knowingly without legal justification and by any means caused bodily harm to an individual or made physical contact of an insulting or provoking nature with an

5

individual.  720 ILCS 5/12-3(a) (West 2004).

Here, respondent does not contest the evidence showing that he intentionally or knowingly made physical contact with Officer Martin.  Rather, he challenges the "legal justification" element, contending that he was justified in his use of force in resisting arrest by Victor Martin, who was a private citizen and had no authority to effectuate an arrest because respondent was not committing an offense at the time.  In making that argument, respondent maintains that the State did not establish that Martin was a "peace officer," and he could therefore resist an unlawful arrest by a private citizen.

The State responds that a rational trier of fact could have found that the evidence established that Officer Martin was a peace officer and that respondent had no legal justification for his actions.

We initially observe that respondent never questioned Officer Martin's status as an officer or his commensurate authority at the hearing, nor sought to excuse his actions on the officer's lack of authority to detain him.  Rather, the defense focused on whether respondent caused Officer Martin bodily harm, a claim abandoned on appeal.  That said, our review of the evidence, in the light most favorable to the prosecution, shows that it was more than sufficient to permit the circuit court to conclude that respondent acted without legal justification for his actions in the committing of the battery.

6

At the adjudicatory hearing, Officer Martin testified that he was employed as a security supervisor at the school by the board of education, and on that day, he was wearing a blue jacket stating "Board of Education" and identifying him as a member of "CPS Security." He also identified himself by his star number, which was not challenged at the hearing, and, as noted, respondent never questioned the officer's status during the hearing. In addition, security officer Webb, Dr. Ewing, Officer Williams, and even respondent consistently referred to Martin as an officer in their testimony, and he was so addressed by defense counsel. Furthermore, Webb's testimony showed that she deferred to Officer Martin to detain respondent when she wanted him arrested.

It is the function of the trier of fact to draw all reasonable inferences from the evidence (In re W.C., 167 Ill. 2d at 336), and in this case, we find that the evidence was sufficient to permit the trial court to find that Officer Martin was a peace officer and that respondent had no legal justification to excuse his battery of the officer.

In reaching this conclusion, we find People v. Perry, 27 Ill. App. 3d 230 (1975), cited by respondent, distinguishable. In Perry, defendant challenged the authority of Chicago Housing Authority guards to arrest from the outset of the trial which required the State to prove that they had authority greater than that of private citizens. Perry, 27 Ill. App. 3d at 238. The

7

court found that the State failed to do so, and thus failed to prove that defendant's actions for being handcuffed by them was without legal justification.  Perry, 27 Ill. App. 3d at 239.

In contrast, respondent raised no challenge at trial to the officer's authority to detain him and defended on other bases. Moreover, the evidence here showed that respondent, a juvenile, physically resisted the school's security officer who was called to intervene by a security monitor when respondent failed to comply with school procedure.  As we have already found, the circumstantial evidence was sufficient to establish that Officer Martin was a peace officer, and thus, respondent's actions towards him were not legally justified.

Accordingly, we affirm the judgment of the circuit court of Cook County.

Affirmed.

WOLFSON, P.J., and HOFFMAN, J., concur.