No. 2--08--0120     Filed:  12-9-09

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| In re GREGORY G., a Minor | ) | Appeal from the Circuit Court |
| | ) | of Kane County. |
| | ) | |
| | ) | No. 07--JD--119 |
| | ) | |
| (The People of the State of Illinois, | ) | Honorable |
| Petitioner-Appellee, v. Gregory G., | ) | Wiley W. Edmondson, |
| Respondent-Appellant). | ) | Judge, Presiding. |

JUSTICE O'MALLEY delivered the opinion of the court:

Respondent, Gregory G., was adjudicated delinquent upon a finding that he committed a battery by hitting James Blomberg in the head with a glass bottle (720 ILCS 5/12--3(a)(2) (West 2006)).  Defendant was sentenced to nine months' probation.  On appeal, defendant argues that the State failed to prove him guilty beyond a reasonable doubt.  We agree and reverse accordingly.

The trial evidence showed the following.  James Blomberg was working as a security guard at an apartment complex when a fight broke out between two women, one of whom was respondent's mother.  The scene was chaotic and there were over 100 people surrounding the fight.  As Blomberg was breaking up the fight, he "got smacked in the head with the beer bottle."  According to Blomberg, the bottle was not thrown; he was hit in the back of the head with the bottle, and the bottle broke when it hit his head.  He did not see who hit him.  When he turned around two or three minutes later, he saw respondent standing 10 feet away and holding the head of a broken beer bottle in his

hand. He did not see anyone other than respondent with a bottle in his hand. Blomberg did not suffer any injuries from the hit to his head.

Officer Michael Straub, a police officer with the Village of Carpentersville, arrived at the scene as the fight was taking place. He observed a minimum of 100 people congregated at the scene. According to Straub, "[i]t was just utter chaos. Bottles being thrown, rocks being thrown." "You are watching so you don't get hit by bottles yourself and rocks." Straub approached Blomberg, who told him that he had just been hit over the head with a bottle. Straub looked around and saw respondent holding the top half of a clear glass bottle in his hand. Straub did not observe anyone else with a bottle in hand at that time.

Several witnesses testified for the defense, namely, respondent's mother, aunt, and two cousins, all of whom were present for the fight. Several of the defense witnesses observed people throwing bottles at them, and two of the witnesses saw respondent catch one of the bottles with his hand. None of the defense witnesses saw Blomberg get hit. Respondent's mother testified that she was standing between respondent and Blomberg during the entire fight and that it was "impossible" for respondent to have hit Blomberg. Two of the defense witnesses heard Blomberg say that he was hit only after respondent was already arrested.

The trial court found respondent guilty of battery. The trial court's reasoning was as follows:

"Well, Mr. Blomberg says he got hit from behind by a bottle. He didn't see it. He felt it. The bottle broke. Mr. Blomberg would have no reason to make this up. There is no showing of any interest or bias that he has towards the minor respondent or his family. ***

My conclusion is that the State has proven beyond a reasonable doubt that Mr. Blomberg got [h]it in the back of the head by a bottle. Mr. Blomberg freely admitted that he

didn't see who hit him with the bottle, but he testified he turned and he saw the minor respondent holding the head of a broken beer bottle.

None of the defense witnesses said they saw Mr. Blomberg get hit, which means if Mr. Blomberg indeed was hit--and I believe beyond a reasonable doubt that he was--either they didn't see what happened or they did see it and didn't tell the truth about it.

James Blomberg and Officer Straub both saw the minor respondent with the head of a broken beer bottle in his hand. The minor respondent's mother also saw the minor respondent holding a bottle. She said it was thrown by somebody in the mob and that the minor respondent caught it. If he caught it, why was it broken? Because we know a bottle was broken when it hit Mr. Blomberg.

Savora Brooks, the minor respondent's aunt, also says she saw the minor respondent catch a bottle that was thrown. Once again, if that is what she saw, why was the bottle broken when observed by Mr. Blomberg and the officer?

It is interesting that Mahaya Hampton was with the minor respondent just like the other witnesses the whole time. She never saw him catch a bottle or throw a bottle."

Defendant argues on appeal that the evidence was insufficient to establish his guilt beyond a reasonable doubt. The critical inquiry on review is whether the record evidence could reasonably support a finding of guilt beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 318, 61 L. Ed. 2d 560, 573, 99 S. Ct. 2781, 2788-89 (1979); In re Malcolm H., 373 Ill. App. 3d 891, 893 (2007) (the constitutional safeguard of proof beyond a reasonable doubt applies to the adjudicatory stage of juvenile delinquency proceedings). "[T]he relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential

elements of the crime beyond a reasonable doubt." (Emphasis in original.) Jackson, 443 U.S. at 319, 61 L. Ed. 2d at 573, 99 S. Ct. at 2789; see also In re W.C., 167 Ill. 2d 307, 336 (1995) (same standard of review applied to delinquency proceedings). "This standard applies whether the evidence was direct or circumstantial." People v. Natal, 368 Ill. App. 3d 262, 268 (2006). The trier of fact is responsible for making credibility determinations, weighing the witnesses' testimony, and deciding what inferences may be reasonably drawn from the evidence. People v. Ross, 229 Ill. 2d 255, 272 (2008). On review, "[a] reviewing court must allow all reasonable inferences from the record in favor of the prosecution." People v. Cunningham, 212 Ill. 2d 274, 280 (2004). "However, a reviewing court may not allow unreasonable inferences." Cunningham, 212 Ill. 2d at 280. That the trier of fact accepted certain testimony or made certain inferences based on the evidence does not guarantee the reasonableness of its decision. Ross, 229 Ill. 2d at 272. "A conviction will be reversed where the evidence is so unreasonable, improbable, or unsatisfactory that there remains a reasonable doubt of defendant's guilt." Ross, 229 Ill. 2d at 272.

Respondent was found guilty of battery. To sustain that determination, the evidence must show that respondent intentionally or knowingly without legal justification and by any means made physical contact of an insulting or provoking nature with another person. 720 ILCS 5/12--3(a)(2) (West 2006); Malcolm H., 373 Ill. App. 3d at 894.

Respondent asserts that People v. Housby, 84 Ill. 2d 415 (1981), governs our analysis. In Housby, our supreme court reviewed the constitutionality of the inference that an individual in possession of recently stolen property committed a burglary. Housby, 84 Ill. 2d at 419. The court ruled that an inference of guilt may be drawn from the proven fact, i.e., the possession of recently stolen property, if: (1) there was a rational connection between the defendant's recent possession of

stolen property and his participation in the burglary; (2) the defendant's guilt of the burglary more likely than not flowed from his recent, unexplained, and exclusive possession of the proceeds; and (3) there was corroborating evidence of the defendant's guilt. Housby, 84 Ill. 2d at 424. Otherwise, where the "inference stands unsupported by corroborating circumstances, the leap from the proved fact to the presumed element must satisfy the higher standard--proof beyond a reasonable doubt--for there is nothing else on which to rest the fact finder's verdict of guilt." Housby, 84 Ill. 2d at 421.

It is not clear whether Housby applies here. On the one hand, the supreme court's decision in W.C. suggests that Housby does apply. In W.C., the court was asked to review the sufficiency of the evidence to support the respondent's adjudication of murder based on accountability. W.C., 167 Ill. 2d at 336, 339. The court questioned whether it was reasonable for the trial court to infer that the respondent shared a common purpose with the principal offender based on the circumstances surrounding the commission of the act. The court proceeded to analyze the evidence and the inferences under the three-part Housby test, and it ultimately found that there was a rational connection between the facts proved and the facts inferred, that the ultimate facts more likely than not flowed from the basic facts, and that the inference was supported by corroborating evidence of guilt. W.C., 167 Ill. 2d at 339. Thus, the evidence and the reasonable inferences supported the respondent's adjudication. W.C., 167 Ill. 2d at 339.

But the supreme court's subsequent cases of People v. Williams, 193 Ill. 2d 306 (2000), and People v. Perez, 189 Ill. 2d 254 (2000), suggest that Housby does not apply here. In both cases, the court considered a similar issue to that presented in W.C., namely, whether the State's evidence was sufficient to prove the defendant legally accountable for another's criminal conduct. See Williams, 193 Ill. 2d at 337; Perez, 189 Ill. 2d at 265. Thus, both cases considered inferences in a similar

context to W.C. In fact, both Williams and Perez cite W.C. for the governing law on accountability. See Williams, 193 Ill. 2d at 338-39; Perez, 189 Ill. 2d at 267. Williams and Perez, however, did not apply Housby to analyze the inferences created by the evidence. Instead, the court applied only the traditional standard governing sufficiency-of-the-evidence claims, that is, whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Williams, 193 Ill. 2d at 338; Perez, 189 Ill. 2d at 265-66.

The above cases appear to create an irreconcilable split of authority. Respondent simply assumes that Housby applies to this case. He does not acknowledge the split, much less suggest how to resolve it. "It is well settled that '[a] reviewing court is entitled to have issues clearly defined with pertinent authority cited and cohesive arguments presented ([210 Ill. 2d R. 341(h)(7)]), and it is not a repository into which an appellant may foist the burden of argument and research.' " Stenstrom Petroleum Services Group, Inc. v. Mesch, 375 Ill. App. 3d 1077, 1098-99 (2007), quoting Obert v. Saville, 253 Ill. App. 3d 677, 682 (1993). Respondent has failed to meet his burden in this regard.

In any event, we need not resolve the split of authority, because application of either the Housby standard (Housby, 84 Ill. 2d at 424) or the traditional standard alone (Jackson, 443 U.S. at 319, 61 L. Ed. 2d at 573, 99 S. Ct. at 2789) leads inexorably to the same conclusion, i.e., the State's evidence was insufficient to prove respondent's guilt beyond a reasonable doubt.

First, we apply the traditional standard. Viewed in the light most favorable to the prosecution, the trial evidence established that (1) Blomberg was hit in the back of the head with a bottle that was being held, not thrown; (2) the bottle broke; (3) there were 100 people surrounding Blomberg; (4) other members of the crowd possessed bottles; and (5) two minutes after being hit, Blomberg saw respondent standing 10 feet away, holding a broken bottle.

Respondent questions whether the bottle actually broke and argues that it was more likely that Blomberg was hit by a thrown bottle. The trial court considered these arguments and ultimately rejected them upon finding that Blomberg's testimony was credible. A rational trier of fact could reasonably conclude that Blomberg could tell that the bottle was held when it hit him and could determine that the bottle broke, presumably based on such factors as the force of the impact, the sound it made when it made contact with his head, and the presence of glass falling around him. Although Blomberg did not testify to these details surrounding the hit to his head, the trial court was aware of these deficiencies in his testimony and ultimately believed his testimony despite the deficiencies. We see no reason to upset that determination.

But because no evidence directly proved that respondent hit Blomberg in the head with the bottle he was holding, the resolution of respondent's guilt or innocence depended on whether it was reasonable to infer from these facts that it was respondent, and not one of the other 99 people in the crowd, who hit Blomberg. See In re Gino W., 354 Ill. App. 3d 775, 777 (2005) (the fact finder must assess the credibility of the witnesses, resolve conflicts in the evidence, and decide what reasonable inferences to draw from the evidence).

Circumstantial evidence is the proof of certain facts and circumstances from which the trier of fact may infer other connected facts that usually and reasonably follow from human experience. People v. Grathler, 368 Ill. App. 3d 802, 808 (2006). The sole limitation on the use of circumstantial evidence is that the inferences drawn from the evidence must be reasonable. Grathler, 368 Ill. App. 3d at 808. "Circumstantial evidence is sufficient to sustain a conviction if it satisfies proof beyond a reasonable doubt of the elements of the crime charged." People v. Gomez, 215 Ill. App. 3d 208, 216 (1991). It is not necessary that each link in the chain of circumstances be proved beyond a

reasonable doubt. Gomez, 215 Ill. App. 3d at 216. Rather, it is sufficient if all the circumstantial evidence taken together satisfies the trier of fact beyond a reasonable doubt of the defendant's guilt. Gomez, 215 Ill. App. 3d at 216.

The crux of respondent's argument is that it was unreasonable to infer that he hit Blomberg solely from the fact that he possessed a broken beer bottle. We agree. The State directly proved that Blomberg was hit by a bottle and that respondent possessed a broken bottle. But others also possessed bottles during the melee. And, significantly, there was a two-minute lapse between when Blomberg was hit and when he turned around, which makes the inference of respondent's guilt even more tenuous. Lastly, respondent was standing 10 feet away when Blomberg observed him, while the other 99 people were also standing in the same vicinity. The evidence here raises a suspicion that respondent was the culprit in the battery of Blomberg, but it is not sufficiently conclusive and does not produce a reasonable and moral certainty that respondent, and not one of the other 99 people involved in the fight, committed the crime. See In re Winship, 397 U.S. 358, 364, 25 L. Ed. 2d 368, 375, 90 S. Ct. 1068, 1072 (1970) (standard of proof beyond a reasonable doubt impresses upon the factfinder the need to reach a subjective state of near certitude of the guilt of the accused); People v. Nyberg, 275 Ill. App. 3d 570, 579 (1995) (a conviction based upon circumstantial evidence requires proof of a conclusive nature that produces a reasonable and moral certainty that defendant and no one else committed the crime); see also People v. Kostatinovich, 98 Ill. App. 3d 611, 614 (1981) (where no one actually witnessed the theft from a store and defendant was one of several patrons in the store, the circumstances raised little more than a suspicion that defendant was involved in the crime; conviction reversed). Under these circumstances, the trial court stretched the limited circumstantial evidence beyond a reasonable inference. See People v. Rouser, 199 Ill. App. 3d 1062,

1066 (1990). Respondent's guilt could be based only on possibility and conjecture, which is not proof beyond a reasonable doubt. See People v. Ehlert, 211 Ill. 2d 192, 213 (2004) ("the fact that defendant is 'probably' guilty does not equate with guilt beyond a reasonable doubt").

Even if we were to apply the Housby test to the inference drawn in this case, the same result obtains: the State failed to meet its burden of proof. Again, for an inference to satisfy due process under Housby, (1) there must be a rational connection between the fact proved and the fact inferred, (2) the ultimate fact must more likely than not flow from the basic fact, and (3) the inference must be supported by corroborating evidence of guilt. W.C., 167 Ill. 2d at 336. Here, the ultimate fact that respondent committed the battery did not more likely than not derive from the fact that respondent was in possession of a broken bottle. In light of the mass of people surrounding the scene, the fact that multiple bottles were being thrown at the scene (which means that other people possessed bottles as well), the fact that Blomberg did not turn around until two minutes after being hit, and the fact that respondent was standing 10 feet away when Blomberg observed him, it was no more likely that respondent hit Blomberg than that the guilty party was one of the other 99 people participating in the melee. It is true that it could have been respondent who committed the battery, but it was not more likely than not that he was the culprit. See Housby, 84 Ill. 2d at 422 ("while there may be a strong probability that the inference is accurate, this does not mean it is 'more likely than not' true that the possessor of the property is the burglar"). The reasonable probability that Blomberg was hit by one of the other 99 crowd members precludes the inference of respondent's guilt. Because the evidence did not meet the second factor of the Housby test, the inference fails to satisfy due process. Accordingly, respondent's adjudication cannot rest on this inference.

The State's leading case, <u>In re Keith C.</u>, 378 Ill. App. 3d 252 (2007), does not compel a different result. In fact, the case has no application here. In <u>Keith C.</u>, the respondent challenged his adjudication, arguing that the witness's identification of the respondent as one of the robbers was unreliable. <u>Keith C.</u>, 378 Ill. App. 3d at 259. The court discussed factors that were relevant in assessing the credibility of identification testimony. <u>Keith C.</u>, 378 Ill. App. 3d at 258. Here, no one disputes that respondent was present at the scene of the fight or that Blomberg saw respondent with a broken bottle in his hand, standing 10 feet away. But Blomberg did not identify who hit him, because he did not see who hit him. Thus, the crux of the case came down to what inferences were reasonable in light of the evidence presented. <u>Keith C.</u> offers no support for the State's case.

In sum, the State's evidence was insufficient to prove respondent's guilt of battery beyond a reasonable doubt. Accordingly, the judgment of the circuit court of Kane County is reversed.

Reversed.

McLAREN and JORGENSEN, JJ., concur.