2020 IL App (2d) 180253
No. 2-18-0253
Opinion filed June 4, 2020

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Kendall County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) ) ) | Nos. 16-CF-79      16-CM-210      16-CM-361 |
| CHRISTOPHER A. ASSMAR, | ) ) | Honorable Timothy J. McCann, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE BRENNAN delivered the judgment of the court, with opinion
Presiding Justice Birkett and Justice Hudson concurred in the judgment and opinion.

**OPINION**

¶ 1      Defendant, Christopher Assmar, was charged with misdemeanor (case No. 16-CM-210) and felony (case No. 16-CF-79) counts of public indecency, all arising out of the same act that occurred on March 11, 2016, when defendant allegedly masturbated in the presence of a female jogger. The felony counts were premised upon the act occurring within 500 feet of the grounds of a junior high school when children were present on the grounds. In case No. 16-CM-361, defendant was charged with misdemeanor public indecency in connection with a separate incident. Following a bench trial in case Nos. 16-CM-210 and 16-CF-79, defendant was found guilty of one felony count and one misdemeanor count of public indecency arising from the March 11, 2016,

incident.  A presentence investigation report was ordered, and ultimately, the cases were held over to March 5, 2018, for a sentencing hearing.  On that date, the parties agreed to an Illinois Supreme Court Rule 402 (eff. July 1, 2012) conference on the cases awaiting sentence as well as the predisposition misdemeanor case No. 16-CM-361.  At the conclusion of the conference, defendant entered a fully negotiated plea of guilty and sentence in case No. 16-CM-361, which was concurrent to agreed sentences in case Nos. 16-CM-210 and 16-CF-79: a two-year term of probation and two days in jail with credit for one day of pretrial detention.  Defendant argues on appeal that the State failed to prove that he was guilty of felony public indecency.  Defendant alternatively argues that, if his felony conviction is affirmed, the one-act, one-crime rule dictates that we vacate the misdemeanor conviction that arose out of the same incident.  We modify the judgment by vacating defendant's misdemeanor conviction in case No. 16-CM-210.  In all other respects we affirm.

¶ 2                                    I. BACKGROUND

¶ 3      At trial, Therese Jacobs testified she had gone for a run on the morning of March 11, 2016.  When she reached the intersection of Bloomfield Circle and Colchester Drive, she encountered defendant, who was driving toward Colchester Drive.  Defendant stopped at the stop sign and flagged down Jacobs to ask for directions to Yorkville.  Jacobs noticed that defendant was masturbating, at which point she ran off.  She returned home about half an hour later, at about 1 p.m., and contacted the police.

¶ 4      Oswego police officer Matthew Mumm spoke with Jacobs about the incident at the intersection.  Mumm testified that the intersection was near the Traughber Junior High School.  Mumm measured the distance from the intersection to a rock pile located on the school property.  It was less than 400 feet.  Mumm testified that school was in session on the date in question and

that "[t]here were children there." Mumm saw students outside the school building at 4 p.m. when he measured the distance from the school to the intersection. Mumm testified that the school day ended at about 3:20 p.m. There was no testimony that any children were outside the school building at the time of the alleged incident.

¶ 5    After the State rested, defendant moved for a directed finding, arguing that the felony charge required proof that children were present on the school grounds, outside the school building, when the incident occurred. The trial court denied the motion. The defense rested without presenting any evidence, and the court entered findings of guilty on one count each of misdemeanor and felony public indecency.

¶ 6                                          II. ANALYSIS

¶ 7    At the outset, we note that the State maintains that, because defendant did not move to withdraw his negotiated guilty plea in case No. 16-CM-361, he cannot challenge his felony conviction in case No. 16-CF-79. As noted, defendant entered an agreed sentence on the felony and misdemeanor charges he was found guilty of in case Nos. 16-CF-79 and 16-CM-210, which was concurrent to the fully negotiated plea and sentence in case No. 16-CM-361. The State cites Illinois Supreme Court Rule 604(d) (eff. July 1, 2017), which provides that "[n]o appeal shall be taken upon a negotiated plea of guilty challenging the sentence as excessive unless the defendant, within 30 days of the imposition of sentence, files a motion to withdraw the plea of guilty and vacate the judgment." That rule has no direct application here, however, as defendant did not plead guilty to the felony charge; he was convicted following a bench trial. Moreover, he does not challenge his sentence in this appeal.

¶ 8    The State nevertheless argues that the general contract principles that underlie Rule 604(d) (see *People v. Johnson*, 2019 IL 122956, ¶¶ 31-32) apply.  The State relies on *People v. Evans*, 174 Ill. 2d 320, 332 (1996), which held:

> "[F]ollowing the entry of judgment on a negotiated guilty plea, even if a defendant wants to challenge only his sentence, he must move to withdraw the guilty plea and vacate the judgment so that, in the event the motion is granted, the parties are returned to the status quo."

The State seeks to extend that rule to cases like this one where a single agreement covers a defendant's guilty plea in one case and his sentence in another.

¶ 9    The record here belies the State's contention that there was a contractual agreement that somehow hamstrings defendant from challenging the sufficiency of the evidence underlying his conviction in case No. 16-CF-79.  Though the Rule 402 conference was off the record, the court's admonishments after imposing the concurrent sentences nowhere suggested that the agreed sentences contemplated defendant waiving his appellate rights *vis-à-vis* the conviction in case No. 16-CF-79.  Indeed, the court's Illinois Supreme Court Rule 604 (eff. July 1, 2017) and Rule 605 (eff. Oct. 1, 2001) admonishments took care to separate for defendant how he might go about challenging the judgments of conviction under the two different scenarios at issue, *i.e.*, after a plea and after a trial.  Thus, we find that neither Rule 604(d) nor the contract principles that underlie it in any way foreclose defendant's appeal in case No. 16-CF-79.[1]

---

[1] As part of its argument, the State contends that the trial court failed to admonish defendant in case No. 16-CM-361 that he could not pursue an appeal unless he first moved to withdraw his plea pursuant to Illinois Supreme Court Rule 605(c) (eff. Oct. 1, 2001).  A review of the Report of

¶ 10   We turn now to the merits.  Section 11-30(a)(2) of the Criminal Code of 2012 (Criminal Code) (720 ILCS 5/11-30(a)(2), (c) (West 2016)) provides that a person who is 17 years old or older commits public indecency, which is a Class A misdemeanor, if he or she engages in "[a] lewd exposure of the body done with intent to arouse or to satisfy the sexual desire of the person" in a public place.  Public indecency is a Class 4 felony when committed "by a person 18 years of age or older who is on or within 500 feet of elementary or secondary school grounds when children are present on the grounds."  *Id.* § 11-30(c).  Here, defendant was found guilty of both misdemeanor and felony public indecency arising out of the same incident, the felony based on defendant's proximity to a school while children were on the grounds.  Defendant does not dispute that the State presented sufficient evidence that children were attending school at the time of the offense, *i.e.*, that there were students inside the school building.  He argues, however, that the interior of the building is not "school grounds" as contemplated by the statute.  Defendant maintains that to sustain the felony conviction there must be proof that there were students on the school property outside the building at the time of the offense.  We disagree.

¶ 11   Whether the interior of the school building is part of the school grounds is a question of statutory interpretation.  When interpreting a statute, the objective is to give effect to the intention of the legislature.  *In re Detention of Lieberman*, 201 Ill. 2d 300, 307 (2002).  The language of a statute is the most reliable indicator of legislative intent.  *Id.* at 308.  "The statutory language is to be given its plain, ordinary and popularly understood meaning."  *Id.*  However, "[w]hen interpreting a statute, a court may always consider the consequences of construing the law one way

_____

Proceedings shows otherwise, though we fail to see the relevance given that defendant has not appealed any aspect of case No. 16-CM-361.

or another and may always consider whether a particular interpretation of the statute will lead to absurd, inconvenient, or unjust results." *People v. Brown*, 2020 IL 124100, ¶ 30.

¶ 12    Defendant cites our decisions in *Raintree Homes, Inc. v. Village of Long Grove*, 389 Ill. App. 3d 836 (2009), and *Thompson v. Village of Newark*, 329 Ill. App. 3d 536 (2002), as authority that the interior of a school building is not "school grounds" (720 ILCS 5/11-30(c) (West 2016)). In *Raintree Homes* we held that a statute authorizing the collection of impact fees for "school grounds" did not authorize the use of impact fees for a school's general operations; the issue was not whether "school grounds" included school buildings. In *Thompson* we considered whether the municipal codes' authorization of impact fees for "school grounds" included the building itself. In holding otherwise, we did note that the dictionary definition of " 'ground[s]' " was " 'the area around and belonging to a house or other building.' " *Thompson*, 329 Ill. App. 3d at 540 (quoting Merriam-Webster's Collegiate Dictionary 513 (10th ed. 2001)). Significantly, however, we also looked to the remainder of the statute to determine legislative intent, noting that to interpret school grounds "as including buildings [would have been] inconsistent with the remainder of the statute." *Id.* (citing 65 ILCS 5/11-12-5(1)(b) (West 2000)). Parenthetically, we note that not long after *Thompson* was decided, the General Assembly amended the statute authorizing the collection of impact fees, defining " 'school grounds' " to include buildings. Pub. Act 93-330 (eff. July 24, 2003) (amending 65 ILCS 5/11-12-5 (West 2000)). During the senate debate, Senator Walsh explained that the amendment was "in line with the *original legislative intent* to allow schools to use the [impact fees] for land or school infrastructure as needed." (Emphasis added.) 93d Ill. Gen. Assem., Senate Proceedings, May 13, 2003, at 114 (statements of Senator Walsh).

¶ 13    Although the dictionary is a resource for interpreting statutory language (see, *e.g.*, *People v. Starks*, 2019 IL App (2d) 160871, ¶ 26), it is not the exclusive source of guidance. See *People*

*v. Dexter*, 328 Ill. App. 3d 583, 586 (2002) (dictionary is "one guide" to the meaning of statutory language). "[A] word used in a statute is to be given its popularly understood meaning *or* commonly accepted dictionary definition." (Emphasis added.) *Tuftee v. County of Kane*, 76 Ill. App. 3d 128, 131 (1979). Notwithstanding the dictionary definition of "grounds," it is readily apparent that the popularly understood meaning of "school grounds" encompasses school buildings as well as the surrounding land. Courts in Illinois and elsewhere routinely use the term with reference to areas within school buildings. See, *e.g.*, *People v. Wilson*, 214 Ill. 2d 127, 150 (2005) (Kilbride, J. dissenting, joined by Freeman, J.) (referring to art room and study hall where defendant sexually abused students as "school grounds"); *Dobias v. Oak Park & River Forest High School District 200*, 2016 IL App (1st) 152205, ¶ 91 (if, as teacher had stated, plaintiff physically assaulted him " 'by grabbing [his] arm and trying to force [him] into a room at the end of the school day,' " plaintiff would have committed aggravated battery by committing battery of a teacher on school grounds); *In re Raheem M.*, 2013 IL App (4th) 130585, ¶¶ 4-5, 59 (fight in school cafeteria occurred on school grounds); *In re Malcolm H.*, 373 Ill. App. 3d 891, 891-92 (2007) (referring to hallway where battery and assault occurred as "school grounds"); *Davis v. Monroe County Board of Education*, 526 U.S. 629, 646 (1999) (bulk of misconduct "during school hours and on school grounds" took place in the classroom).

¶ 14    In light of the prevalence of this usage, we conclude that, when given its popularly understood meaning, the term "school grounds," as used in section 11-30(c) of the Criminal Code, includes the interior of a school building. Indeed, a contrary interpretation would thwart the intent of the penalty enhancement, which presumably was designed to shield school children from behavior such as occurred in the instant case. Interpreting "school grounds" to exclude school buildings would lead to absurd results, *e.g.*, an offender who commits the crime of public

indecency inside a school building in the children's presence would be guilty only of a misdemeanor, as opposed to a felony if the crime were committed off the school grounds but within 500 feet of children in the school parking lot. Giving the term "school grounds" its popularly understood meaning avoids such an absurd result. See *Hubble v. Bi-State Development Agency of the Illinois-Missouri Metropolitan District*, 238 Ill. 2d 262, 283 (2010) (courts avoid construing a statute leading to an absurd result, if possible); *Brown*, 2020 IL 124100, ¶ 30 (same).

¶ 15 We next consider defendant's argument that his convictions arising out of the March 11, 2016, incident violated the one-act, one-crime rule. "The one-act, one-crime analysis is comprised of two steps: (1) the reviewing court must determine whether the defendant's conduct consisted of one physical act or separate physical acts and (2) if the conduct consisted of separate acts, the court must determine whether any of those offenses are lesser included offenses." *People v. Maas*, 2019 IL App (2d) 160766, ¶ 71. "Where a defendant is convicted of two crimes based on the same physical act, we vacate the conviction of the less serious offense." *People v. Brexton*, 2012 IL App (2d) 110606, ¶ 28.

¶ 16 Defendant contends that the convictions arising out of the March 11, 2016, incident arose from one physical act. The State does not dispute that contention. However, the State argues that "[a]ny potential error is indeterminate" because it is not clear that the trial court entered judgment on both convictions. The sentencing order lists defendant's convictions on two separate lines; a notation that looks like "× 2" appears on the line listing the misdemeanor conviction. To the extent that the trial court entered a judgment of conviction on the misdemeanor in case No. 16-CM-210 arising from the March 11, 2016, incident, we exercise our power under Illinois Supreme Court Rule 615(b)(1) (eff. Jan. 1, 1967) to vacate that misdemeanor conviction.

¶ 17 III. CONCLUSION

¶ 18    For the foregoing reasons, the judgment of the circuit court of Kendall County is affirmed in part and vacated in part.

¶ 19    Affirmed in part and vacated in part.

**No. 2-18-0253**

| | |
|---|---|
| **Cite as:** | *People v. Assmar*, 2020 IL App (2d) 180253 |
| **Decision Under Review:** | Appeal from the Circuit Court of Kendall County, Nos. 16-CF-79, 16-CM-210, 16-CM-361; the Hon. Timothy J. McCann, Judge, presiding. |
| **Attorneys for Appellant:** | James E. Chadd, Thomas A. Lilien, and Darren E. Miller, of State Appellate Defender's Office, of Elgin, and Zachary Wallace, law student, for appellant. |
| **Attorneys for Appellee:** | Eric Weis, State's Attorney, of Yorkville (Patrick Delfino, Edward R. Psenicka, and Ivan O. Taylor Jr., of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |